



DOCKETED

OCT - 1 2002

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

|  |  |  |
|---|---|---|
| GREGORY T. ERNST, RONALD<br>and LEDA KEYES,<br>　　　Plaintiffs, | )<br>)<br>)<br>) |  |
| v. | )<br>) | No. 02 C 4884 |
| OFFICER WILLIAM ANDERSON,<br>OFFICER PETER CANZONERI, BADGE #64,<br>OFFICER MICHAEL GOLZ, BADGE #39,<br>OFFICER C. LOMBARDI, OFFICER RICHMOND,<br>OFFICER F. SICILIANO, OFFICER SIMI,<br>OFFICERS JOHN DOE, JOHN POE, JOHN JOE,<br>JOHN LOE, JOHN MOE, JOHN ROE, JOHN SOE,<br>JOHN ZOE, and VILLAGE OF ROSEMONT,<br>a Municipal Corporation,<br>　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Judge Darrah |

FILED

SEP 3 0 2002

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

## NOTICE OF FILING

TO:　　Standish E. Willis
　　　　407 South Dearborn St., Suite 1395
　　　　Chicago, Illinois 60605

　　　　PLEASE TAKE NOTICE that on September 30, 2002, I have filed in the Office of the Clerk of the United States District Court, Northern District of Illinois, Eastern Division, **Answer of Defendants Anderson, Canzoneri, Lombardi, Simi and the Village of Rosemont to Certain Counts of the Complaint and Counterclaim of Charles Lombardi** in the above-captioned cause, a copy of which is herewith served upon you.

　　　　　　　　　　　　　　　ROSENTHAL, MURPHEY & COBLENTZ

　　　　　　　　　　　　　　　By: _____

Peter M. Rosenthal
Mary Ann Covone Carden
Rosenthal, Murphey & Coblentz
30 N. LaSalle St., Suite 1624
Chicago, IL 60602
Phone:　312/541-1070
Fax:　　312/541-9191

Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies as true that she served the foregoing Notice of Filing and Answer upon the person to whom this notice is directed, at the address shown, by placing a copy of same into an envelope and depositing same into the U.S. Mail at 30 N. LaSalle St., Chicago, IL 60602, before 5:00 p.m. on September 30, 2002.

_Barbara Baumon_

Peter M. Rosenthal
Mary Ann Covone Carden
Rosenthal, Murphey & Coblentz
30 N. LaSalle St., Suite 1624
Chicago, IL 60602
Phone: 312/541-1070
Fax:    312/541-9191

G:\rmcj\Ernst\Notice-Filing Answer.wpd

DOCKET

OCT - 1 2002

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| GREGORY T. ERNST, RONALD and LEDA KEYES, Plaintiffs, | ) ) ) ) | |
| v. | ) ) | No. 02 C 4884 |
| OFFICER WILLIAM ANDERSON, OFFICER PETER CANZONERI, BADGE #64, OFFICER MICHAEL GOLZ, BADGE #39, OFFICER C. LOMBARDI, OFFICER RICHMOND, OFFICER F. SICILIANO, OFFICER SIMI, OFFICERS JOHN DOE, JOHN POE, JOHN JOE, JOHN LOE, JOHN MOE, JOHN ROE, JOHN SOE, JOHN ZOE, and VILLAGE OF ROSEMONT, a Municipal Corporation, Defendants. | ) ) ) ) ) ) ) ) ) ) | Judge Darrah |

FILED

SEP 3 0 2002

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

## ANSWER OF DEFENDANTS ANDERSON, CANZONERI, LOMBARDI, SIMI AND THE VILLAGE OF ROSEMONT TO CERTAIN COUNTS OF THE COMPLAINT AND COUNTERCLAIM OF CHARLES LOMBARDI

NOW COME the defendants, WILLIAM ANDERSON, PETER CANZONERI, CHARLES. LOMBARDI, MICHAEL SIMI, and the VILLAGE OF ROSEMONT, (collectively the Defendants), by their attorneys, PETER M. ROSENTHAL, and MARY ANN COVONE CARDEN, ROSENTHAL, MURPHEY AND COBLENTZ, and answer certain counts of the complaint as follows:

1. The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C. 1983 and 1988; 28 U.S.C. 1331 and 1323(3); and the Constitution of the United States, and supplemental jurisdiction under 28 U.S.C. Section 1367.

**Answer:** **Defendants deny that this court has jurisdiction over the claims of**

**Gregory Ernst. (Defendants have separately filed a Motion to Dismiss Gregory Ernst's claims for lack of jurisdiction.) Defendants admit that this court has jurisdiction over certain federal claims and those that arise out of the same set of facts. Defendants deny any other allegations in this paragraph.**

## PARTIES

2. Plaintiff Gregory Ernst is a citizen of the United States and a resident of Hobart, Indiana. Mr. Ernst has been an Internal Affairs Officer for the Cook County Sheriff's Department for the past 7 years.

**Answer:** **Defendants are without knowledge or information sufficient to form a belief as to the truth of this allegation.**

3. Plaintiff Ronald Keyes is a citizen of the United States and a resident of Lyons, Illinois.

**Answer:** **Defendants are without knowledge or information sufficient to form a belief as to the truth of this allegation.**

4. Plaintiff Leda Keyes is a citizen of the United States and a resident of Lyons, Illinois.

**Answer:** **Defendants are without knowledge or information sufficient to form a belief as to the truth of this allegation.**

5. Defendant Officer William Anderson (hereinafter "Anderson"), is a police officer employed by the Village of Rosemont, and was at all times relevant to the facts alleged in this complaint, acting within the scope of his employment and under color of law. Defendant Anderson is being sued individually.

**Answer:** **Defendants admit the allegations in paragraph 5.**

-2-

6. Defendant Officer Peter Canzoneri (hereinafter "Canzoneri"), badge #64, is a police officer employed by the Village of Rosemont, and was at all times relevant to the facts alleged in this complaint, acting within the scope of his employment and under color of law. Defendant Canzoneri is being sued individually.

**Answer:** **Defendants admit the allegations in paragraph 6.**

7. Defendant Officer Michael Golz (hereinafter "Golz"), badge #39, is a police officer employed by the Village of Rosemont, and was at all times relevant to the facts alleged in this complaint, acting within the scope of his employment and under color of law. Defendant Golz is being sued individually.

**Answer:** **Defendants admit the allegations in paragraph 7. Michael Golz, does not answer to this paragraph or any other paragraph in the complaint because the complaint does not allege any specific claim against him for which either Ronald Keyes or Leda Keyes seeks relief. Michael Golz, along with Lyle Richmond and Frank Siciliano has filed a separate motion which asks this court to dismiss him from this action. (See Motion to Dismiss Michael Golz, Lyle Richmond and Frank Siciliano.)**

8. Defendant Officer C. Lombardi (hereinafter "Lombardi"), is a police officer employed by the Village of Rosemont, and was at all times relevant to the facts alleged in this complaint, acting within the scope of his employment and under color of law. Defendant Lombardi is being sued individually.

**Answer:** **Answering the allegations in Paragraph 8 of the Complaint, the Defendants admit that Charles Lombardi is employed by the Village of Rosemont on a part-**

time basis as a security specialist.  **Defendants admit the remaining allegations in Paragraph 8.**

9.  Defendant Officer Richmond  (hereinafter "Richmond"),  is a police officer employed by the Village of Rosemont, and was at all times relevant to the facts alleged in this complaint, acting within the scope of his employment and under color of law.  Defendant Richmond is being sued individually.

**Answer:**        **Defendants admit the allegations in paragraph 9.  Lyle Richmond, does not answer to this paragraph or any other paragraph in the complaint because the complaint does not allege any specific claim against him for which either Ronald Keyes or Leda Keyes seeks relief.  Lyle Richmond, along with Michael Golz and Frank Siciliano has filed a separate motion which asks this court to dismiss him from this action. (See Motion to Dismiss Michael Golz, Lyle Richmond and Frank Siciliano.)**

10.  Defendant Officer F. Siciliano (hereinafter "Siciliano"),  is a police officer employed by the Village of Rosemont, and was at all times relevant to the facts alleged in this complaint, acting within the scope of his employment and under color of law.  Defendant Siciliano is being sued individually.

**Answer:**        **Defendants admit the allegations in paragraph 10. Frank Siciliano does not answer to this paragraph or any other paragraph in the complaint because the complaint does not allege any specific claim against him for which either Ronald Keyes or Leda Keyes seeks relief.  Frank Siciliano along with Michael Golz and Lyle Richmond has filed a separate motion which asks this court to dismiss him from this action. (See Motion to Dismiss Michael Golz, Lyle Richmond and Frank Siciliano.)**

11. Defendant Officer Simi (hereinafter "Simi"), is a police officer employed by the Village of Rosemont, and was at all times relevant to the facts alleged in this complaint, acting within the scope of his employment and under color of law. Defendant Simi is being sued individually.

**Answer:** **Answering the allegations in Paragraph 8 of the Complaint, the Defendants admit that Michael Simi is employed by the Village of Rosemont on a part-time basis as a security specialist. Defendants admit the remaining allegations in Paragraph 11.**

12. Defendants Officers John Doe, John Poe, John Joe, John Loe, John Moe, John Roe John Soe, John Zoe whose names are not currently known, are police officers employed by the Village of Rosemont, and was at all times relevant to the facts alleged in this complaint, acting within the scope of their employment and under color of law. Defendant officers John Doe, John Poe, John Joe, John Loe, John Moe, John Roe, John Soe, and John Zoe are being sued individually.

**Answer:** **Defendants are without knowledge or information sufficient to form a belief as to the truth of this allegation.**

13. The Village of Rosemont, is a municipal corporation within the State of Illinois, and was at all times material to this Complaint, the employer of defendant police officers Anderson, Canzoneri, Golz, Lombardi, Richmond, Siciliano, Simi, John Doe, John Poe, John Joe, John Loe, John Moe, John Roe, John Soe, and John Soe.

**Answer:** **Defendants admit that the Village of Rosemont is a municipal corporation. The Village also admits that it was the employer of William Anderson, Peter Canzoneri, Michael Golz, Charles Lombardi, Lyle Richmond, Frank Siciliano and Michael Simi at all times material to the allegations of the complaint. The Defendants are without**

knowledge or information sufficient to form a belief as to the truth of the other allegations in this paragraph.

## FACTS

14. On July 10, 2001, at approximately 7:00 p.m., Gregory and Diana Ernst, Ronald and Leda Keyes, Martin and Linda Strebs arrived by limousine at the Allstate Arena in Rosemont, Illinois to attend a concert. Each couple was assigned seats in different sections of the arena.

**Answer:** **Defendants admit that Gregory Ernst, Ronald and Leda Keyes and Martin Strebs were on the premises of the Allstate Arena in the evening of July 10, 2001. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations made in this paragraph.**

15. Shortly after the concert began, Mr. Keyes and Mr. Strebs met in the Keyeses' seating area and went for some beer. Meanwhile, a couple seated to the right of the Keyes began smoking marijuana cigarettes.

**Answer:** **Defendants are without knowledge or information sufficient to form a belief as to the truth of this allegation.**

16. Upon returning to the Keyeses' seating section, Mr. Strebs was forcibly grabbed by defendant officer Canzoneri and removed from the concert area. Immediately thereafter, several defendant officers forcibly grabbed Ronald Keyes from his seat.

**Answer:** **Defendants deny the allegations in this paragraph.**

17. At this point, his wife, Leda Keyes, told the defendant officers that her husband's feet were trapped under the chair which made it difficult for him to be removed. The defendant officers ignored her and continued to forcibly grab Mr. Keyes.

**Answer:** **Defendants admit that Leda Keyes said that her husband's feet were under a chair. Defendants deny all other allegations in this paragraph.**

18. After Mr. Keyes was forcibly and wrongfully removed from his seat, he was pulled over a rail. He was then thrown into a row chairs and eventually landed on his right side which aggravated a previously injury to his back and shoulder.

**Answer:** **Defendants deny the allegations in this paragraph.**

19. While on the ground, defendant officers kneed Mr. Keyes in his left side and defendant officer Simi punched Mr. Keyes in the stomach several times.

**Answer:** **Defendants deny the allegations in this paragraph.**

20. It was apparent to witnesses to the event that the defendant officers had been dispatched to remove the couple seated next to the Keyeses who were smoking marijuana.

**Answer:** **Defendants deny the allegations in this paragraph.**

21. On at least two separate occasions, Mrs. Keyes, told the defendant officers that the Mr. Keyes's was not the person they were searching for. On each occasion however, defendant officer Lombardi responded by knocking her on the ground.

**Answer:** **Defendants deny the allegations in this paragraph.**

22. Next, defendant officer Simi attempted to kick Mr. Keyes in the groin several times. In fear for his life, Mr. Keyes pleaded with the defendant officers to stop the unwarranted attack on him. The defendant officers then handcuffed Mr. Keyes and carried him to the lobby of the arena.

-7-

**Answer:** **Defendants admit that Keyes was handcuffed and walked to the lobby of the arena. Defendants deny all other allegations in this paragraph.**

23. Once in the lobby, the assault and battery on Mr. Keyes escalated. Defendant officers Simi and Canzoneri threw him up against a pole.

**Answer:** **Defendants deny the allegations in this paragraph.**

24. For a brief period, the assault stopped when defendant officer Canzoneri asked Mr. Keyes was he a police officer. Mr. Keyes told him that he was not a police officer. Defendant Officer Canzoneri repeated his question and Mr. Keyes replied the same. Because defendant officer Canzoneri feared that he and other defendants had used excessive force on a police officer, he removed Mr. Keyes' wallet to check for any police identification.

**Answer:** **Answering the allegations in Paragraph 24, Defendants admit that while in the lobby area of the Allstate Arena, Peter Canzoneri removed Mr. Keyes wallet to check for identification. Defendants deny the remaining allegations in this paragraph.**

25. Relieved that Mr. Keyes was not a police officer, the defendants resumed their unjustified and malicious attack on him. Defendant officer Lombardi and Canzoneri took turns throwing Mr. Keyes backwards on the ground and shoving his face into a concrete wall.

**Answer:** **Defendants deny the allegations in this paragraph.**

26. After this attack, defendant officer Canzoneri told Mr. Keyes that he was taking him to jail. A Rosemont police car arrived on the scene. However, before entering the police car, defendant officer Canzoneri punched Mr. Keyes in the face several times. In fact, he threw his left elbow into the side of his head.

-8-

**Answer:** **Defendants admit that Ronald Keyes was transported from the Allstate Arena to the Rosemont police station in a squad car. Defendants deny all other allegations in this paragraph.**

27. Mr. Keyes saw that defendant officer Canzoneri was attempting to strike him again so, he dove into the back of the police car to avoid another attack by defendant officers.

**Answer:** **Defendants deny the allegations in this paragraph.**

28. However, while in the police car, another defendant officer, the driver of the police car, struck him in the head and then said, "You're going to my jail and you're not going to like it."

**Answer:** **Defendants deny the allegations in this paragraph.**

29. At the Rosemont Police Station, defendant officer Canzoneri continued the unwarranted and malicious beating of Mr. Keyes. Initially, he was placed in a room alone with defendant officer Canzoneri. At that time, a police officer removed his handcuffs.

**Answer:** **Defendants deny the allegations in this paragraph.**

30. The defendant officer Canzoneri then said to Mr. Keyes, "I could kick your fucking ass." Mr. Keyes told defendant officer that he was wrong for beating him up and that he would not fight with him. Defendant officer Canzoneri then called for three other officers. The officers told Mr. Keyes to stand up and he did. Next, defendant officer Canzoneri removed Mr. Keyes's watch and stomped on it, causing the glass face to shatter. Defendant officer Canzoneri then struck him again in the back of the head.

**Answer:** **Defendants deny the allegations in this paragraph.**

31. Mr. Keyes was then taken from the room and left in a chair in the hallway. While waiting in the hallway, he overheard the officers stating that his record was "clean" and they had no

grounds to keep him in jail. Despite this information, defendant officers were instructed to put him in a cell and that they would figure out what to do with him later.

**Answer:** **Defendants deny the allegations in this paragraph.**

32. Defendant officer Canzoneri entered the cell where Mr. Keyes was placed and recuffed him. Defendant officer Canzoneri asked Mr. Keyes were his handcuffs "tight enough," he replied "yes," and defendant Canzoneri replied, "too bad."

**Answer:** **Defendants deny the allegations in this paragraph.**

33. Next, Mr. Keyes was transported to Resurrection Hospital by defendant officers Canzoneri and Golz. Before entering the hospital, however, Canzoneri struck Mr. Keyes in the back of the head again.

**Answer:** **Defendants admit that Keyes was transported to Resurrection Hospital by Peter Canzoneri and Michael Golz. Defendants deny all other allegations in this paragraph.**

34. Mr. Keyes was eventually informed that he was taken to the hospital for an exposure test.

**Answer:** **Defendants admit that Keyes was informed that he was taken to the hospital for an exposure test. Defendants deny any other innuendo or allegation in this paragraph.**

35. In the meantime, at the conclusion of the concert, Gregory Ernst met Leda Keyes and learned that Mr. Keyes had been taken to the Rosemont Police Station. Eventually they arrived at the police station and were told that Mr. Keyes was transported to the hospital.

**Answer:** **Defendants admit that Leda Keyes and Gregory Ernst arrived at the police station and were told that Mr. Keyes was transported to the hospital. The Defendants**

-10-

are without knowledge or information sufficient to form a belief as to the truth of the other allegations in this paragraph.

36. Leda Keyes and Ernst Gregory arrived at the hospital to visit Mr. Keyes. Both Mrs. Keyes and Mr. Ernst immediately noticed that Mr. Keyes had been beaten by the defendant officers. He had various injuries and blood on his body and clothing.

**Answer:** **Defendants admit that Leda Keyes and Gregory Ernst arrived at Resurrection Hospital. Defendants deny that Ronald Keyes had been beaten or that he had "various injuries and blood on his body and clothing." The Defendants are without knowledge or information sufficient to form a belief as to the truth of the other allegations in this paragraph.**

37. While in the hospital, Mr. Keyes voluntarily submitted to a urine drug screen. The test results proved negative. Mrs. Keyes and Mr. Ernst were advised by the defendant officers that Mr. Keyes was not under arrest. Mr. Ernst then asked when could they bail him out of jail. The defendant officer then said that the Rosemont Police were not sure what they were going to do with him.

**Answer:** **Defendants deny the allegations in this paragraph. Answering further Defendants state that after repeated requests Ronald Keyes agreed to undergo an exposure test for the purpose of determining whether he had AIDs or another disease that can be transmitted by exposure to blood of another person. The reason for this test was that at least one person, Lyle Richmond, had been found to have blood on his body or clothing.**

38. Later, a defendant officer told Mrs. Keyes that Mr. Keyes would be released from jail that night because he had learned that witnesses came forth and testified that Mr. Keyes was not smoking marijuana or disturbing the peace.

**Answer:** **Defendants deny the allegations in this paragraph.**

39. Despite Defendant Officer Anderson's knowledge of these witnesses, he announced that Mr. Keyes would be kept overnight in jail and released the next day.

**Answer:** **Defendants deny the allegations in this paragraph.**

40. In an effort to cover up the unjustified and unwarranted beating, Ronald Keyes he was charged with fabricated counts of battery against a police officer. After a bench trial, all charges were dropped. The judge ruled the Ronald Keyes and Martin Strebbs were wrongfully removed from the Allstate Arena.

**Answer:** **Answering the allegations in Paragraph 40, defendants admit that Ronald Keyes was found not guilty beyond a reasonable doubt of the charges that were filed against him where Peter Canzoneri was the complainant. The charges filed against Ronald Keyes where Charles Lombardi was the complaining witness were apparently dismissed because the complaining witness was not present in court. Defendants deny the remaining allegations in this paragraph.**

41. Mr. Keyes received follow-up medical treatment for injuries caused by the beating by defendant officers.

**Answer:** **Defendants are without knowledge or information sufficient to form a belief as to the truth of this allegation.**

-12-

42. To further cover up the unjustified malicious assault of Mr. Keyes, defendant officer Canzoneri published false statements to the employer of Gregory Ernst.

**Answer:** **Defendants deny the allegations in this paragraph.**

43. On July 11, 2001, defendant officer Canzoneri wrote and sent a memorandum on official Rosemont Police letterhead to the employer of Gregory Ernst, Chief Weinstein of the Cook County Sheriff's Department.

**Answer:** **Answering the allegations in Paragraph 43, Defendants admit athat he wrote a memorandum which described Ernst's actions while Ernst was at Resurrection Hospital on July 11, 2001. Defendants deny the remaining allegations in this paragraph.**

44. In this memorandum, defendant officer Canzoneri made false statements that alleged Gregory Ernst was in the company of offenders who were using marijuana and disturbing the peace at the Allstate Arena in Rosemont, Illinois. He further alleged that Mr. Ernst had used his position as an Internal Affairs Officer in an attempt to get Ronald Keyes released from police custody without being charged. Defendant officer Canzoneri also alleged that when Mr. Ernst failed to get Mr. Keyes released, he incited Mr. Keyes to become combative.

**Answer:** **Defendants deny that any false statements were made in any memorandum; Defendants deny that the allegations in this paragraph fully or accurately describe the statements in the memorandum.**

45. Sometime after the publication of these false statements, defendant officer Anderson threatened to press fabricated battery and other charges against Mr. Ernst if he or any of his friends involved in the incident on July 11, 2001 pursued any litigation against the Rosemont Police Department or any of its employees.

-13-

**Answer:** **Defendants deny the allegations in this paragraph.**

46. As a result of these false and defamatory statements published by defendant officer Canzoneri, Mr. Ernst's employment as an Internal Affairs Officer for the Cook County Sheriff's Office was nearly terminated. In fact, his employer informed his partner at work that he was terminated. In addition, upon returning to work, Mr. Ernst discovered that his superior had removed all his belonging[s] from his work station.

**Answer:** **Defendants deny that any false and defamatory statements were published by Peter Canzoneri. Defendants are without knowledge or information sufficient to form a belief as to the truth of the other allegations in this paragraph..**

47. Mr. Ernst also immediately los[t] significant work privileges including use of his Cook County Sheriff's vehicle. He currently has not regain[ed] the use of this vehicle.

**Answer:** **Defendants are without knowledge or information sufficient to form a belief as to the truth of this allegation.**

48. A full investigation was conducted by his Cook County Sheriff's Office of the Inspector General. The investigation revealed that all allegations by defendant officer Canzoneri were unwarranted and unfounded. Also, it revealed that there was no basis for the threat to pursue battery or any charges against Mr. Ernst.

**Answer:** **Defendants are without knowledge or information sufficient to form a belief as to the truth of this allegation.**

<u>COUNT I</u>

<u>(42 U.S.C.§1983 - Excessive Force Claim)</u>

<u>ANSWER OF PETER CANZONERI, CHARLES LOMBARDI AND MICHAEL SIMI</u>

The allegations in Count I of the Complaint are being answered by Peter Canzoneri, Charles Lombardi and Michael Simi. William Anderson is not answering the allegations in Count I at this time for the reason that the complaint does not allege that Mr. Anderson engaged in any conduct which could constitute excessive force against Ronald Keyes. There are no allegations in the complaint that William Anderson touched or otherwise was involved in a physical altercation with Ronald Keyes. Mr. Anderson is separately moving to dismiss the allegations of Count I insofar as Ronald Keyes may be requesting relief against Mr. Anderson in Count I.

(1-48). Plaintiff Ronald Keyes alleges and realleges paragraphs 1 through 48 as fully set forth above.

**<u>Answer:</u>** **Peter Canzoneri, Charles Lombardi and Michael Simi reassert and incorporate their answers to paragraphs 1 through 48 as though they were fully set forth herein.**

49. As a result of the unreasonable and unjustifiable attack on Ronald Keyes, he suffered both physical and emotional injuries.

**<u>Answer:</u>** **Peter Canzoneri, Charles Lombardi and Michael Simi deny the allegations in this paragraph.**

50. This unreasonable and unjustifiable beating of the Plaintiff Ronald Keyes by Defendant Officers Anderson, Canzoneri, Golz, Lombardi, Richmond, Siciliano, Simi, John Doe, John Poe, John Joe, John Loe, John Moe, John Roe, John Soe, and John Zoe was a direct and proximate cause

-15-

of his pain, suffering and mental anguish. This act by the above individual Defendants violated the Plaintiff's Fourth Amendment right to be free from unreasonable seizures, in addition to a violation of 42 U.S.C.1983.

**Answer:** **Peter Canzoneri, Charles Lombardi and Michael Simi deny the allegations in this paragraph.**

**WHEREFORE,** Peter Canzoneri, Charles Lombardi and Michael Simi , request that this Honorable Court dismiss plaintiffs' claims against them with prejudice and with costs assessed to plaintiff.

## COUNT II

### (42 U.S.C.§1983 - Excessive Force Claim)

### ANSWER FOR CHARLES LOMBARDI

The request for relief in Count II of the Complaint only requests relief against Charles Lombardi. For this reason only Mr. Lombardi is answering Count II.

(1-48). Plaintiff Leda Keyes alleges and realleges paragraphs 1 through 48 as fully set forth above.

**Answer:** **Charles Lombardi reasserts and incorporates his answers to paragraphs 1 through 48 as though they were fully set forth herein.**

49. As a result of the unreasonable and unjustifiable attack on Leda Keyes, she suffered both physical and emotional injuries.

**Answer:** **Charles Lombardi denies the allegations of this paragraph.**

50. This unreasonable and unjustifiable beating of the Plaintiff Leda Keyes by Defendant Officer Lombardi was a direct and proximate cause of his pain, suffering and mental anguish. This

-16-

act by the above individual Defendants violated the Plaintiff's Fourth Amendment right to be free from unreasonable seizures, in addition to a violation of 42 U.S.C.1983.

**Answer:** **Charles Lombardi denies the allegations of this paragraph.**

**WHEREFORE,** Charles Lombardi prays that this Honorable Court dismiss plaintiffs' claims against him with prejudice and with costs assessed to plaintiff.

## COUNT III

### (42 U.S.C.§1983 - FALSE ARREST)

### ANSWER FOR PETER CANZONERI AND WILLIAM ANDERSON

The allegations in Count III of the Complaint are being answered by Peter Canzoneri and William Anderson. Charles Lombardi and Michael Simi are not answering the allegations in Count III at this time for the reason that the complaint does not allege that Mr. Lombardi or Mr. Simi engaged in any conduct which could constitute arresting Mr. Keyes. There are no allegations in the complaint that Mr. Lombardi or Mr. Simi placed Mr. Keyes under arrest or engaged in any other conduct which would constitute an arrest of Mr. Keyes. Mr. Lombardi and Mr. Simi are separately moving to dismiss the allegations of Count III insofar as Ronald Keyes may be requesting relief against them in Count III.

1-49. Plaintiff Ronald Keyes alleges and realleges paragraphs 1 through 48 as full[y] set forth herein.

**Answer:** **William Anderson and Peter Canzoneri reassert and incorporate their answers to paragraphs 1 through 48 as though they were fully set forth herein.**

49. The above acts of the Defendant Officers Anderson, Canzoneri, Golz, Lombardi, Siciliano, Simi, John Doe, John Poe, John Joe, John Loe, John Moe, John Roe, John Soe, and John

Zoe were willfully and wantonly done without probable cause and [sic] was a direct and proximate

cause of Mr. Keyes's pain, suffering and mental anguish, and therefore violated the Plaintiff's Fourth

Amendment right to be free from unreasonable arrest, search and seizure.

**Answer:** **William Anderson and Peter Canzoneri deny the allegations in this**

**paragraph.**

**WHEREFORE,** William Anderson and Peter Canzoneri pray that this Honorable Court

dismiss plaintiff's claims against them with prejudice and with costs assessed to plaintiff.

### AFFIRMATIVE DEFENSE

William Anderson and Peter Canzoneri for their affirmative defenses to Count III

affirmatively state as follows:

At all relevant times, William Anderson and Peter Canzoneri had probable cause

to arrest Ronald Keyes in that:

A.    Ronald Keyes was creating a disturbance in the Allstate Arena when the certain

officers attempted to remove him from the arena and William Anderson and Peter Canzoneri had

reason to believe that this amounted to probable cause that there were grounds to arrest Ronald

Keyes.

B.    William Anderson and Peter Canzoneri each had reason to believe, amounting to

probable cause, that Ronald Keyes had committed a battery against Charles Lombardi while in the

seating area of the Allstate Arena.

C.    William Anderson and Peter Canzoneri each had reason to believe, amounting to

probable cause, that Ronald Keyes had committed a battery against Peter Canzoneri while he was

in the process of being escorted out of the Allstate Arena.

-18-

**WHEREFORE,** PETER CANZONERI and WILLIAM ANDERSON, pray that this court dismiss plaintiff's claim against them and assess costs to plaintiff.

## COUNT IV

**(Supplemental State Claim for Assault and Battery)**

### ANSWER OF PETER CANZONERI, CHARLES LOMBARDI AND MICHAEL SIMI

The allegations in Count IV of the Complaint are being answered by Peter Canzoneri, Charles Lombardi and Michael Simi. William Anderson is not answering the allegations in Count IV at this time for the reason that the complaint does not allege that Mr. Anderson engaged in any conduct which could constitute an assualt or battery against Ronald Keyes. There are no allegations in the complaint that William Anderson touched or otherwise was involved in a physical altercation with Ronald Keyes or that William Anderson engaged in conduct that constitutes an intentional unlawful offer of corporal injury by force to Ronald Keyes or force unlawfully directed at Ronald Keyes which created a well-founded fear on the part of Ronald Keyes of imminent peril, coupled with the apparent present ability of William Anderson to effectuate such use of force. Mr. Anderson is separately moving to dismiss the allegations of Count IV insofar as Ronald Keyes may be requesting relief against Mr. Anderson in Count IV.

1-48. Plaintiff Ronald Keyes alleges and realleges paragraphs 1 through 48 as though fully set forth herein.

**Answer:** **Peter Canzoneri, Charles Lombardi and Michael Simi reassert and incorporate their answers to paragraphs 1 through 48 as though they were fully set forth herein.**

-19-

49. The acts of the Defendant Officers Anderson, Canzoneri, Golz, Lombardi, Richmond, Siciliano, Simi, John Doe, John Poe, John Joe, John Loe, John Moe, John Roe, John Soe, and John Zoe described above, were done maliciously, willfully and wantonly and with such reckless disregard for their natural consequences as to constitute assault and battery under the laws and Constitution of the State of Illinois, and did directly and proximately cause the injuries, pain and suffering of the Plaintiff as alleged above.

**Answer:** **Peter Canzoneri, Charles Lombardi and Michael Simi deny the allegations in this paragraph.**

**WHEREFORE,** Peter Canzoneri, Charles Lombardi and Michael Simi request that this court dismiss plaintiff's claim against them with prejudice and assess costs to plaintiff.

## COUNT V

### (Supplemental State Claim for Assault and Battery)

### ANSWER OF CHARLES LOMBARDI

The request for relief in Count V of the Complaint only requests relief against Charles Lombardi. For this reason only Mr. Lombardi is answering Count V.

1-48. Plaintiff Leda Keyes alleges and realleges paragraphs 1 through 49 as though fully set forth herein.

**Answer:** **Charles Lombardi reasserts and incorporates his answers to paragraphs 1 through 48 as though they were fully set forth herein.**

49. The acts of the Defendant Officer Lombardi described above, were done maliciously, willfully and wantonly and with such reckless disregard for their natural consequences as to

-20-

constitute assault and battery under the laws and Constitution of the State of Illinois, and did directly and proximately cause the injuries, pain and suffering of the Plaintiff as alleged above.

**Answer:** **Charles Lombardi denies the allegations of this paragraph.**

**WHEREFORE,** Charles Lombardi requests that this Honorable Court dismiss plaintiffs' claims against him with prejudice and with costs assessed to plaintiff.

### COUNT VI

### (Malicious Prosecution under Illinois Law )

### ANSWER FOR PETER CANZONERI AND CHARLES LOMBARDI

The allegations in Count VI of the Complaint are being answered by Peter Canzoneri and Charles Lombardi. William Anderson and Michael Simi are not answering the allegations in Count VI at this time for the reason that the complaint does not allege that Mr. Anderson or Mr. Simi filed a complaint. There are no allegations in the complaint that Mr. Anderson or Mr. Simi filed a complaint or initiated a judicial proceeding against Ronald Keyes or engaged in any other conduct which constitutes malicious prosecution under Illinois Law. Mr. Anderson and Mr. Simi are separately moving to dismiss the allegations of Count VI insofar as Ronald Keyes may be requesting relief against them in Count VI.

1-48. Plaintiff Ronald Keyes alleges and realleges paragraphs 1 through 48 as full[y] set forth herein.

**Answer:** **Charles Lombardi and Peter Canzoneri reassert and incorporate their answers to paragraphs 1 through 48 as though they were fully set forth herein.**

49. The above prosecution was initiated by the defendants to cover up the unjustifiable beating of the Plaintiff.

**Answer:** Charles Lombardi and Peter Canzoneri deny the allegations in this paragraph.

50.     The defendants signed complaints against Plaintiff which began prosecution of him. Defendants further gave false statements against Plaintiff to the prosecution.

**Answer:** Charles Lombardi and Peter Canzoneri admit that they signed complaints alleging that Ronald Keyes engaged in conduct that constitutes a violation of the Illinois Criminal Code and\or violations of Village of Rosemont Ordinances. Charles Lombardi and Peter Canzoneri deny the remaining allegations in this paragraph.

51.     The unjustifiable prosecution was resolved in the Plaintiff's behalf and therefore said prosecution was in violation of Illinois law.

**Answer:** Answering the allegations in this Paragraph, Charles Lombardi and Peter Canzoneri admit that Ronald Keyes was found not guilty beyond a reasonable doubt of the charges that were filed against him where Peter Canzoneri was the complainant. The charges filed against Ronald Keyes where Charles Lombardi was the complaining witness were apparently dismissed because the complaining witness was not present in court. Charles Lombardi and Peter Canzoneri deny the remaining allegations in this paragraph.

52.     The unjustifiable prosecution of the Plaintiff Ronald Keyes was done willfully and wantonly and was the direct and proximate cause of the physical and mental injuries suffered by the Plaintiff.

**Answer:** Charles Lombardi and Peter Canzoneri deny the allegations in this paragraph.

-22-

## AFFIRMATIVE DEFENSES

Charles Lombardi and Peter Canzoneri for their affirmative defenses to Count VI affirmatively state as follows:

At all relevant times, Officers Anderson and Canzoneri had probable cause to initiate prosecutions against Ronald Keyes in that:

A.     Ronald Keyes was creating a disturbance in the Allstate Arena when the certain officers attempted to remove him from the arena and Charles Lombardi and Peter Canzoneri had reason to believe that this amounted to probable cause that there were grounds to arrest and subsequently prosecute Ronald Keyes.

B.     Charles Lombardi had reason to believe, amounting to probable cause, that Ronald Keyes had committed a battery against him while in the seating area of the Allstate Arena.

C.     Peter Canzoneri had reason to believe, amounting to probable cause, that Ronald Keyes had committed a battery against him while he was in the process of being escorted out of the Allstate Arena.

D.     The allegations in Count VI of the complaint fail to state a claim for malicious prosecution for which relief can be granted under Illinois Law because the complaint fails to sufficiently allege that Charles Lombardi or Peter Canzoneri acted maliciously in filing complaints against Ronald Keyes or that Ronald Keyes suffered the types of injuries for which recovery is allowed under Illinois law for malicious prosecution.

## COUNTS VII THROUGH IX

Motions have been filed seeking the dismissal of Counts VI through IX. A motion has been filed seeking the dismissal of Count VI for failure to state a claim upon which relief can be granted.

-23-

Count. A motion has been filed seeking the dismissal of Counts VII through IX for lack of subject matter jurisdiction.

## COUNT X

### (Respondeat Superior under Illinois Law / Village of Rosemont)

### ANSWER OF VILLAGE OF ROSEMONT

The request for relief in Count X of the Complaint only requests relief against the Village of Rosemont. For this reason only the Village of Rosemont is answering Count X.

1-48. Plaintiff Ronald Keyes and Gregory Ernst alleges and realleges paragraphs 1 through 49 as though fully set forth herein.

**Answer:** **The Village of Rosemont reasserts and incorporates its answers to paragraphs 1 through 48 as though they were fully set forth herein**

49. The aforesaid acts of Defendant Officers Anderson, Canzoneri, Golz, Lombardi, Richmond, Siciliano, Simi, John Doe, John Poe, John Joe, John Loe, John Moe, John Roe, John Soe, and John Zoe in beating Ronald and Leda Keyes, falsely arresting Ronald Keyes and defaming, toritious interference and official misconduct against Gregory Ernst were doen within the scope of their employement as Rosemont police officers, were willful and wanton, and therefore, the defendant City of Rosemont, as principal is liable for the actions of its agenst under the doctrine of respondent superior.

**Answer:** **The Village of Rosemont denies the allegations of this paragraph.**

### AFFIRMATIVE DEFENSE

The Village of Rosemont for its affirmative defenses to Count X, affirmatively state as follows:

-24-

A.     Insofar as the plaintiffs are seeking to impose liability on the Village of Rosemont pursuant to the doctrine of respondeat superior for the conduct which is alleged to constitute violations of 42 U.S.C. Section 1983 in Counts I, II, and III of the Complaint, Count X fails to state a claim against the Village under the United States Supreme Court decision in <u>Monell v. Department of Social Services of City of New York</u>, 436 U.S. 658, 98 S.Ct. 2018 (1978)   and subsequent decisions.

B.     Insofar as Gregory Ernst is seeking to impose liability on the Village of Rosemont pursuant to the doctrine of respondeat superior for the conduct involving Mr. Ernst which is  the subject of Counts VII through IX of the Complaint the court lacks subject matter jurisdiction over these claims.  Because the court lacks subject matter jurisdiction over Counts VII through IX for the reasons set forth in the "Motion to Dismiss the Claims of Gregory Ernst", the court also lacks subject matter jurisdiction over the respondeat superior claims against the Village which are being asserted on behalf of Gregory Ernst against the Village.

## COUNTERCLAIM OF CHARLES LOMBARDI FOR ASSAULT AND BATTERY AGAINST RONALD KEYES

Counter-Plaintiff Charles Lombardi, complains of Counter-Defendant, Ronald Keyes as follows:

1.     Pursuant to 28 U.S.C. Section 1367, this court has supplemental jurisdiction of this claim.

2.     On July 10, 2001, Ronald Keyes was on the premises of the Allstate Arena in Rosemont, Illinois.

-25-

3.     On July 10, 2001, Charles Lombardi was working as a Security Specialist at the Allstate Arena.

4.     During the evening of July 10, 2001, Ronald Keyes intentionally and without consent struck Charles Lombardi in the chest.

5.     After striking Charles Lombardi in the chest, Ronald Keyes intentionally and without consent grabbed the jacket that Charles Lombardi was wearing in an offensive manner and pulled Charles Lombardi forward towards him.

6.     Ronald Keyes' actions constituted a battery upon the person of Charles Lombardi.

7.     As a result of Ronald Keyes' actions, Officer Lombardi's jacket was ripped and he was injured.

**WHEREFORE,** Charles Lombardi respectfully requests that this Court enter judgment in his favor and against Ronald Keyes for compensatory and punitive damages in excess of $15,000.00 plus costs.

DEFENDANTS, WILLIAM ANDERSON, PETER CANZONERI, CHARLES. LOMBARDI, MICHAEL SIMI, and the VILLAGE OF ROSEMONT

By: _____
Mary Ann Covone Carden
One of their attorneys

Peter M. Rosenthal
Mary Ann Covone Carden
Rosenthal, Murphey & Coblentz
30 North LaSalle Street, Suite 1624
Chicago, Illinois 60602
Phone     (312)541-1070
Facsimile (312) 541-9191
G:\rmcj\Ernst\answer(2).wpd

-26-