**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

GREGORY T. ERNST, RONALD     )
AND LEDA KEYES     )
    Plaintiff,     )
    )  No. 02 C 4884
    v.     )
    )
OFFICER WILLAM ANDERSON et al.,     )
    Defendants.     )

## NOTICE OF FILING

TO:    Mary Ann Covone Carden
       30 North LaSalle Street
       Suite #1624
       Chicago, Illinois 60602

     PLEASE TAKE NOTICE that on the __16th__ day of October, 2002, I filed with the Clerk of the United States District Court, 219 South Dearborn, Chicago, Illinois, the attachment document.

                        *Standish Willis*
                        Standish E. Willis
                        Teniece Guy
                        Attorney for Plaintiff

407 South Dearborn, Suite 1395
Chicago, IL 60605
(312) 554-0005

## CERTIFICATE OF SERVICE

     I, Standish E. Willis, an attorney, do hereby certify that I caused to be served a copy of **MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS** this 16th day of October, 2002, by mailing and faxing to the above named person(s).

                        *Standish Willis*
                        Standish E. Willis
                        Teniece Guy

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

GREGORY T. ERNST, RONALD      )
AND LEDA KEYES                  )
      Plaintiffs,                  )
                                  )   No. 02 C 4884
                                  )   Judge Darrah
                                  )
OFFICER WILLAM ANDERSON et al  )
      Defendants.               )

FILED
OCT 16 2002
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS

### I. BACKGROUND

On July 10, 2001, Plaintiff Gregory Ernst, an Internal Affairs Officer for the Cook County Sheriff's Department, attended a concert at Allstate Arena along with his wife and friends, Plaintiffs Ronald and Leda Keyes, and others. The Plaintiffs were seated in different sections of the arena. (See Complaint paragraph 14). At the start of the concert, Plaintiff Ronald Keyes was forcibly and wrongfully removed from the arena and maliciously attacked by multiple defendant Rosemont Police officers. (See Complaint paragraph 15-32). A defendant officer also attacked Mrs. Keyes. (See Complaint paragraph 21). At the close of the concert, Ernst learned from Mrs. Keyes that her husband, Ronald Keyes had been beaten and arrested by the defendant officers. Mr. Ernst accompanied Leda Keyes to the Rosemont Police Station and eventually to the hospital where Mr. Keyes had been transported. They both attempted to determine what happened to Ronald Keyes and to see whether they needed to post bond, to secure his release. (See complaint paragraphs 35-37).

1

On July 11, 2001, after learning Mr. Ernst was not only a friend of Ronald and Leda Keyes, but also an Internal Affairs Investigator, the defendant officer Canzoneri, faxed a memorandum to Mr. Ernst's employer, publishing false statements about his involvement in the beat up, investigation, and arrest of Ronald Keyes. These false statements were also accompanied by threats, by another defendant officer to Ernst's employer, that the Rosemont police would press fabricated assault and battery charges against Ernst if he or any of his friends involved in the incident on July 10, 2001 pursued any litigation against the Rosement Police Department. (See Complaint paragraphs 42-45).

Based on these facts, Ernst filed a complaint along with the Keyes to recover damages for his state law claims of defamation, official misconduct, and tortious interference that came into existence as a direct result of Section 1983 civil rights violations against the Keyes. As such, he is properly joined to this action and this court should exercise supplemental jurisdiction over Ernst's claims.

## II.    ARGUMENT

### GREGORY ERNST IS PROPERLY JOINED AS A PLAINTIFF

Plaintiff Gregory Ernst satisfies the requirements of joinder of claims that allows this court to exercise supplementary jurisdiction over his claims in connection with its federal question jurisdiction over the claims asserted by Plaintiffs Ronald and Leda Keyes. Mr. Ernst's state law tort claims came into existence only as a result of federal civil rights violations that occurred against the Keyes. Accordingly, Mr. Ernst's state claims are based on the same critical facts that gave rise to the Keyes' federal claims. Thus, both Ernst and the Keyes' claims are part of the same "case and controversy" as required by this court to exercise supplemental jurisdiction

2

pursuant to Section 1367. Pursuant to Section 1367 of Title 28 of the United States Code, this court has supplemental jurisdiction over claims which it lacks original jurisdiction if the claims over which the court lacks original jurisdiction arise out of the same case or controversy as a claim over which there is original jurisdiction. This rule also permits the joinder of additional parties, such as Mr. Ernst, so long as these parties meet the requirements of joinder. Section 1367 provides in pertinent part:

> . . . in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all the claims that are so related to claims within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution . . . . Such supplemental jurisdiction shall include claims that involve the joinder of intervention of additional parties.

28 U.S.C. Sec. 1367. A district court can exercise jurisdiction over both federal civil rights claims and state tort law claims when they are part of the same case and controversy. See e.g. Ammerman v. Sween, 54 F.3d 423, 425 (7th Cir. 1995) (held that the district court properly exercised jurisdiction over both plaintiffs Title VII, assault and battery, and intentional infliction of emotional distress claims because all apart of the same "case or controversy")

In order for this court to exercise supplemental jurisdiction pursuant to Section 1367, a plaintiff must first meet two separate requirements of joinder under Rule 20(a) of the Federal Rules of Civil Procedure. Rule 20(a) provides:

> All persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out the same transaction, occurrence, or series of transactions or occurrences and if any question of law of fact common to all these persons will arise in the action.

Intercon Research Associates, LTD v. Dresser Industries, Inc., 696 F.2d 53, 56 (7th Cir. 1982). Rule 20(a) imposes two specific requirements for the permissive joinder of parties: (1) a right to

3

relief must be asserted by, or against, each plaintiff or defendant relating to or arising out of the same transaction or occurrence or series of transactions or occurrences: *and* (2) some question of law or fact must be present with respect to all parties in the action common to all . . . . Id. at 57 ; Desert Empire Bank v. Insurance Co. of North America, 623 F.2d 1371, 1375 (9th Cir. 1980). The requirements governing permissive joinder are *construed liberally* in order to *promote trial convenience* and to expedited final determination of disputes (emphasis added). Id. at 1376; League to Save Lake Tahoe v. Tahoe Regional Planning Agency, 558 F.2d 914 (9th Cir. 1977). As the Supreme Court stated, "under the rules, the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; [that is] joinder of claims, parties and remedies is strongly encouraged." United Mine Workers v. Gibbs, 383 U.S. 715, 724 (1966).

## A. Defamation

In Count VII of the complaint, Ernst states a defamation claim against defendant officer Canzoneri. (See Complaint p. 13) Ernst's defamation claim satisfies both requirements of Rule 20(a) because his defamation claim is exclusively based on false statements made by defendant Canzoneri about his involvement in the occurrence that gave rise to Plaintiffs Ronald and Leda Keyes' civil rights claims. Thus, Ernst's claims arise out of the same occurrence or series of occurrences and present common questions of fact as the Keyes's claims. Further, the defendant's arguments fail because their interpretation and application of the Rule 20(a) is too narrow. To the contrary, the Supreme Court and the circuits have interpreted and applied Rule 20(a) broadly and liberally.

To prove defamation, a plaintiff must show: 1) the defendant made a false statement about the plaintiff; (2) there was an unprivileged publication to a third party with fault by the

4

defendant, and; (3) the publication damaged the plaintiff. E.Parker, P.E., v. House O'Lite

Corporation, 324 Ill. App.3d 1014, 1020 (1st Dist. 2001). In paragraphs 42 and 43 respectively

of Plaintiff Ernst's complaint he plead the following:

- To further cover up the unjustified malicious assault of Mr. Keyes, published false statements to his employer of Gregory Ernst.

- On July 11 2001, defendant officer Canzoneri wrote and sent a memorandum on official Rosemont Police Letter head to the employer of Gregory Ernst, Chief Weinstein of the Cook County Sheriff's Department.

Ernst then states in his complaint that defendant Canzoneri made the following statements to his

employer:

1. Mr. Ernst was in the company of offenders who were using marijuana and disturbing the peace at the Allstate Arena

2. Mr. Ernst used his position as an Internal affairs Officer in an attempt to get Ronald Keyes released from police custody without being charge; and

3. Mr. Ernst incited Mr. Keyes to become combative

(See Complaint paragraph 44, Count VII-paragraphs 50-51). All of these false statements are

intimately connected to the beat up, investigation, and subsequent arrest of Mr. Keyes, albeit

the Keyes' civil rights claims. The first statement that Ernst was in the company of

marijuana users disturbing the peace is what apparently gave rise to the wrongful and

forceful removal and excessive force used against Ronald and Leda Keyes. The second and

third statement falsely allege that Mr. Ernst interfered with the investigation surrounding the

beat up and arrest of Mr. Keyes. Also, these statements reveal that at some point the

defendant officer learned that Mr. Ernst was an Internal Affairs Officer. As the defendants

pointed out in their brief, this probably occurred at the hospital, when Mr. Ernst and Mrs.

Keyes both inquired about Mr. Keyes and attempted to ascertain whether he would be

detained and if so, could bond be posted. (See Complaint paragraphs 35-37). Without references to the facts surrounding Plaintiff Ronald and Leda Keyes civil rights claims there could have been no defamation claim by Ernst. Thus, Ernst's claims arise out the same occurrence or series of occurrences.

Because Ernst's claims are arise out of the same occurrence or series of occurrences as the Keyes' federal civil right claims, he naturally meets the second requirement of Rule 20(a) of the Federal Rule of Civil Procedure. The second requirement is that Ernst's claims present a question of law or fact common to all persons. As discussed above, Ernst's defamation claim is based exclusively on key facts surrounding the excessive force and false arrest claims stated by the Keyes. As such, there are common questions presented in Ernst's and the Keyes' claims, namely, whether an altercation in fact occurred between Ronald and Leda Keyes and the Rosemont Police Department. For obvious reasons this question would have to be presented at trial and in other proceedings in Ronald and Leda Keyes' case. Likewise, since Ernst has stated that defendant officer defamed him *in order to cover up the malicious attack against Ronald and Leda Keyes*, this question would have to be presented at trial and other proceedings regarding his claims as well. (See Complaint paragraphs 42-43).

Here are other common questions of facts between the parties: (1) What is the relationship between Ernst and the Keyes-- for instance, did they arrive at the concert together, were they friends. (2) At what point did defendant officers learn of this relationship and subsequently discover, Mr. Ernst was an Internal Affairs Officer. (3) What statements did Mr. Ernst make and who did he make them to, what actions did he take, if any, at the police station, and hospital when he inquired about Ronald Keyes. There are

6

sufficient questions of fact common to all parties joined in this action, and thus Ernst satisfies

the second requirement of joinder.

The defendant's interpretation and application of Rule 20(a) is too narrow. To the

contrary, the Supreme Court and the circuits have interpreted and applied Rule 20(a) broadly

and liberally. E.g., United Mine Workers 383 U.S. at 724; Desert Empire Bank, 623 F.2d at

1375-6; League to Save Lake Tahoe, 558 F.2d at 914. The defendant argues that because

Ernst was not present at the time of the Keyes' alleged civil rights violations and his

defamation claim arose presumably less than a twenty-four hours after the Keyes claims he

cannot not be joined to this action. Rule 20(a) does not impose such a strict standard on

joining plaintiffs to an action. It does not require plaintiffs actually be present when the other

plaintiffs alleged violations occurred. Nor does is require that the plaintiffs claims occur on

the same day. See generally, United Mine Workers 383 U.S. at 724; Desert Empire Bank,

623 F.2d at 1375-6; League to Save Lake Tahoe, 558 F.2d at 914. Rule 20(a) only requires

that the plaintiffs claims arise out of the same occurrence and present question of law or fact

common to all parties. The defendant's stringent standard would summarily dispose of

thousands of cases where the court attempts to exercise supplemental jurisdiction over

additional parties with state claims that did not occur on the same day of other plaintiffs

federal claims.

### B. Official Misconduct

Plaintiff Ernst's in Count VIII of his complaint states a claim of official misconduct

against defendant Officer Canzoneri. This claim asserts that defendant Canzoneri

knowingly falsified statements regarding Mr. Ernst which he knew was forbidden by law. It

also states that another defendant officer threatened to press fabricated false charges against

the Plaintiff Gregory Ernst to cover up the unjustified and unwarranted beating of Plaintiff

Ronald Keyes which exceeded his legal authority. (See Complaint p. 14). Plaintiff Ernst

seeks a civil remedy under the Article 33 of the Illinois criminal code. The code states:

Official Misconduct. A public officer or employee commits misconduct when, in his

official capacity, he commits any of the following acts:

| | |
|---|---|
| (a) | Intentionally or recklessly fails to perform any mandatory duty as required by law; or |
| (b) | Knowingly performs an act which he knows he is forbidden by law to perform; or |
| (c) | With intent to obtain a personal advantage for himself or another, he performs an act in excess of his lawful authority; or |
| (d) | Solicits or knowingly accepts for the performance of any act a fee or reward which he knows is not authorized by law |

A public officer or employee convicted of violating any provision of this Section forfeits his
office or employment. In addition, he commits a Class 3 felony.

720 ILCS 5/33-3.

The defendant argues plaintiff cannot not seek a civil remedy because official misconduct

is a criminal statute, however, the defendant has not presented any case law which holds that

a claim of Official Misconduct cannot be fashioned into a civil remedy. There are many

instances in which claims have both criminal and civil remedy. For example, the claim of

assault and battery is codified in the criminal code as well as it used in civil cases.

Plaintiff Ernst's official misconduct claim is based on false statements alleged in his

defamation claim and as such, this discussion under Section A of this argument is applicable.

Ernst's official misconduct claim flowed directly from the civil rights violations against

Ronald and Leda Keyes and equally involved common questions of fact with respect to Mr.

8

Ernst's defamation claim. Thus, Ernst' official misconduct claim is meets both joinder requirements.

## C. Tortious Interference with Employment Contract

Plaintiff Ernst in Count IX states a claim of Tortious Interference with Employment Contract. Similar to his defamation and official misconduct claim, this claim arises out of the same occurrence and presents questions of fact common to all parties. The essential elements of tortuous interference with contract are: (1) the existence of a valid and enforceable contract between the plaintiff and another; (2) the defendant's awareness of this contractual relation; (3) the defendant's intentional and unjustified inducement of a breach of the contract; (4) a subsequent breach by the other, caused by the defendant's wrongful conduct; and (5) damages. R. Turner v. J Flethcher, M.D, 302 Ill. App.3d 1051,1058 (4th Dist. 1999).

Ernst's tortuous interference claim is based on the same false statements in his defamation claim. Accordingly, the discussion under section A is applicable to this argument. Ernst's tortuous interference claim arose out the civil right violations against Ronald and Leda Keyes. This claim is based on the same critical facts surrounding the beat up, investigation, and subsequent arrest of Ronald and Leda Keyes. In addition, this claim presents a number of questions of fact common to all parties to this action. Therefore, Ernst's tortuous interference satisfies both joinder requirements.

### D. Respondeat Superior

Plaintiff in Count X of his complaint, states that the Village of Rosemont is liable for the actions of its police officers under the doctrine of respondeat superior. Because Plaintiff Ernst's claims meet the jurisdictional requirements of Rule 20(a) of the Federal Rules of Civil Procedure, his respondeat superior claim also satisfies this rule.

### CONCLUSION

The defendants are asking this court to defy the purpose of Rule 20(a). The purpose of rule 20(a) as defendants stated in their brief is to promote judicial economy and trial convenience in joining claims growing out of the same occurrence or series of occurrences. League to Save Lake Tahoe, 558 F.2d at 914. As the Supreme Court stated, "under the rules, the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; [that is] joinder of claims, parties and remedies is strongly encouraged." United Mine Workers, 383 U.S. at 724. Ernst's claims are of the type envisioned under Rule 20(a) because these claims came in existence only as result of federal claims against the Keyes. The fact they the did not occur on the same day is not determinative on the joining in the action, in fact, in this instance it has no bearing at all. A dismissal of Ernst's claims would unnecessarily create two separate trial in two separate jurisdictions for a cases that present common questions of fact and require the same witnesses to resolve these disputes. Needless to say, this outcome would be a waste of judicial time, resources, and inconvenient for all parties involved in the action.

This court has supplemental jurisdiction over the claims asserted by Plaintiff Gregory Ernst. Mr. Ernst's state claims arise out of the same case or controversy as the federal claims asserted by co-Plaintiffs Ronald and Leda Keyes. This court should assert supplemental

10

jurisdiction over Ernst's claims because these claims do meet the requirements of permissive

joinder pursuant to Rule 20(a) of the Federal Rule of Civil Procedure.

Respectfully submitted,

Plaintiffs, Gregory Ernst and Ronald and Leda Keyes

By: _Standish E. Willis_

Standish E. Willis
Teniece Guy
Attorneys for the Plaintiffs

Law Office Of Standish E. Willis
407 S. Dearborn, Ste 1395
Chicago, Illinois 60605
312-554-0005
312-554-1012(fax)