IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GREGORY T. ERNST, RONALD AND LEDA KEYES<br>Plaintiffs,<br><br>v.<br><br>OFFICER WILLAM ANDERSON et al.,<br>Defendants. | )<br>)<br>)<br>) No. 02 C 4884<br>)<br>) Judge Darrah<br>)<br>)<br>) |

### NOTICE OF FILING

TO: Mary Ann Covone Carden
Rosenthal, Murphey & Coblentz
30 North LaSalle Street
Suite #1624
Chicago, Illinois 60602

PLEASE TAKE NOTICE that on the __30th__ day of October, 2002, I filed with the Clerk of the United States District Court, 219 South Dearborn, Chicago, Illinois, the attachment document.

Standish E. Willis
Teniece Guy
Attorney for Plaintiff

407 South Dearborn, Suite #1395
Chicago, IL 60605
(312) 554-0005

### CERTIFICATE OF SERVICE

I, Standish E. Willis, an attorney, do hereby certify that I caused to be served a copy of **PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO DISMISS MICHAEL GOLZ, LYLE RICHMOND AND FRANK SICILIANO AS DEFENDANTS** this 30th day of October, 2002, by mailing and faxing to the above named person(s).

Standish E. Willis
Teniece Guy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION



| | |
|---|---|
| GREGORY T. ERNST, RONALD AND LEDA KEYES<br>Plaintiffs, | )<br>)<br>)<br>) |
| | ) No. 02 C 4884<br>) |
| | ) Judge Darrah |
| OFFICER WILLAM ANDERSON et al.,<br>Defendants. | )<br>) |

## PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTIONS TO DISMISS MICHAEL GOLZ, LYLE RICHMOND AND FRANK SICILIANO AS DEFENDANTS

GREGORY T. ERNST and RONALD AND LEDA KEYES, by their attorneys Standish E. Willis and Teniece Guy, The Law Offices of Standish E. Willis request that this court deny defendants' motion to dismiss Michael Golz, Lyle Richmond and Frank Siciliano as Defendants for the reasons that plaintiffs have plead sufficient facts in their complaint which entitle the plaintiffs to obtain relief from him. In support of this response, Plaintiffs Gregory T. Ernst and Ronald and Leda Keyes state as follows:

### I. INTRODUCTION

The defendants have filed three motions to dismiss certain named defendant officers and their respective counts. The defendant argues in all three motions that the plaintiffs' fail to state a cause of action against these named officers because they have not made specific allegations against these officers with respect to certain counts in the complaint. At this stage in the case, however defendants' motions to dismiss, including this motion before this court, are premature. A discovery schedule has yet to be determined in this case. Moreover, it is common in civil rights cases, particularly police

brutality cases under Section 1983, that plaintiffs are unable to immediately identify the names of officers and their specific role or action in the alleged claims. Hence, the reference to "John Doe(s)" in many civil rights cases, as in this case, is necessary. See e.g., Caption above; See also Maclin v. Paulson, 627 F.2d 83 (7th Cir. 1980); Roper v. Grayson, 81 F.3d 124 (10th Cir.1996) (both cases approved the use of fictional defendants).

As discovery unfolds, the plaintiffs will be in a better position to identify officers and their specific role in the complaint. At that time, plaintiffs pursuant to Rule 15 of the Federal Rule of Civil Procedure will Amend the complaint based on the information received through discovery. In fact, as discovery progresses, it may be necessary for the plaintiffs to add or possibly drop defendants from the complaint. Also, the plaintiffs may learn that there are sufficient facts to plead other claims such as Conspiracy and a Failure to Prevent.

## II. THE PLAINTIFFS HAVE PLEAD SUFFICIENT FACTS TO STATE A CAUSE OF ACTION AGAINST DEFENDANTS LYLE RICHMOND AND FRANK SICILIANO

The plaintiffs have plead sufficient facts in the complaint which entitle the plaintiffs to obtain relief from the defendants Lyle Richmond and Frank Siciliano. The defendants have filed this motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Fed. R. Civ. P 12(b)(6). The Seventh Circuit in articulating the standard by which such motion should be decided has stated, "A complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would demonstrate an entitlement to relief. Further, " [w]hen analyzing the dismissal of a complaint under Rule 12(b)(6) . . . [the court] accept the factual allegations

contained in the complaint as true and construe them in the light most favorable to the plaintiff. Fries v. J. Helsper, 146 F. 3d 452, 457 (7th Cir. 1998).(Citing to Vickery v. Jones, 100 F. 3d 1334, 1344 (7th Cir. 1996) and Wismerslage and Through Wiemerslage v. Maine Township High Sch. Dist. 207, 29 F.3d, 1149, 1151 (7th Cir. 1994)).

Essentially a complainant must meet the notice pleading requirement of Rule 8 of the Federal Rules of Civil Procedure. Rule 8 states in pertinent part, that a complaint should set forth the following: (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks. .... Fed. R. Civ. P. 8. In other words, a plaintiff need not plead facts, but can plead conclusions, so long as the conclusions provided defendant with at least minimal notice of claim. Fed. R. Civ. P. 8 ; Kyle v. Morton High School, 144 F.3d 448, (7th Cir. 1998)

The Seventh Circuit held in Miller v. Smith, 220 F.3d 491,495 (7th Cir. 2000), that a plaintiff's inability to identify a defendant officer in a Section 1983 does not preclude an excessive force claim. This case involved a plaintiff, motorist, alleged two police officers used excessive force in detaining him. Id. at 493. He was unable to identify the officer who actually physically attacked him because he was lying cuffed on the ground with his face has down. Because the plaintiff had plead sufficient facts to demonstrate that he was hit by a police officer, the court ruled that he could still be entitled to relief under an excessive force claim. Id. 494-495.

The defendants in this case would be hard pressed, if not contradictory, to find that the plaintiffs could not prove any set facts alleged in this case. The plaintiffs claims

3

will not be dismissed merely because they are unable to immediately identify officers and their specific roles in the alleged claims. The plaintiffs named known and unknown defendant officers in their complaint, including William Anderson, believed to have been involved in the excessive force, false arrest, assault and battery, and malicious prosecution claims alleged by Ronald Keyes. These officers were identified through pre-trial investigation as officers who were on the scene at the Allstate Arena when Keyes was beat and arrested. Further, the defendants have acknowledged in their Answer/Affirmative and Counterclaims to our Complaint that some of these officers were in fact involved in the excessive force, false arrest, assault and battery, and malicious prosecution claims alleged by Ronald Keyes.

    A.    Count I makes a claim on behalf of Ronald Keyes under 42 U.S.C. Section 1983 based on the alleged used of excessive force. **Michael Golz:** At this stage in the pleading, the evidence does not implicate Michael Golz in any of the Counts alleged by plaintiff Ronald Keyes. Based on pre-trial investigation, officer Golz transported Ronald Keyes from the Rosemont Police Station to Resurrection Hospital for a blood exposure test. Therefore, we dismiss Michael Golz as to Count I. We reserve the right, however to amend the complaint and rename officers, including Michael Golz, if further evidence suggest that he and others used excessive force against Ronald Keyes.

**Lyle Richmond and Frank Siciliano:** Plaintiffs have named all the officers known and unknown believed to have used excessive force against Ronald Keyes, which included Michael Golz, Lyle Richmond and Frank Siciliano. Based on pre-trial investigation, plaintiffs believe Lyle Richmond and Frank Siciliano used excessive force against Ronald Keyes. The Defendants acknowledge in the Answer that Lyle Richmond

4

was involved in the physical altercation with Ronald Keyes. Defendant officer Lyle Richmond was found to have blood on his body or clothing and Ronald Keyes was transported to Resurrection Hospital for a blood exposure test. See Answer paragraph 37.

    B.    Count III makes a claim on behalf of Ronald Keyes under 42 U.S.C. Section 1983 based on false arrest. **Michael Golz:** At this stage in the pleading, the evidence does not implicate officer Michael Golz in the false arrest of Ronald Keyes. Therefore, we dismiss Michael Golz as to Count III. We reserve the right, however to amend the complaint and name and rename officers, including Michael Golz, if further evidence suggest that he or others falsely arrested Ronald Keyes.

**Lyle Richmond and Frank Siciliano:** Plaintiffs have named all the officers known and unknown believed to have used excessive force against Ronald Keyes, which included Lyle Richmond and Frank Siciliano. Based on pre-trial investigation, plaintiffs believe Lyle Richmond and Frank Siciliano falsely arrested Ronald Keyes. The defendants acknowledge in the Answer that Lyle Richmond was involved in the alteraction with Ronald Keyes. Defendant officer Lyle Richmond was found to have blood on his body or clothing and Ronald Keyes was transported to Resurrection Hospital for a blood exposure test. See Answer paragraph 37.

    C.    Count IV states a claim on behalf of Ronald Keyes under Illinois Law for assault and battery. **Michael Golz:** At this stage in the pleading, the evidence does not implicate officer Michael Golz in the assault and battery of Ronald Keyes. Therefore, we dismiss Michael Golz as to Count III. We reserve the right, however to amend the

5

complaint and name and rename officers, including Michael Golz, if further evidence suggest that he or others assaulted and battered Ronald Keyes.

**Lyle Richmond and Frank Siciliano:** Plaintiffs have named all the officers known and unknown believed to have assaulted and battered Ronald Keyes, which includes Michael Golz, Lyle Richmond and Frank Siciliano. Based on pre-trial investigation, plaintiffs believe Lyle Richmond and Frank Siciliano assaulted and battered Ronald Keyes. The Defendants acknowledge in the Answer that Lyle Richmond was involved in the alteraction with Ronald Keyes. Defendant officer Lyle Richmond was found to have blood on his body or clothing and Ronald Keyes was transported to Resurrection Hospital for a blood exposure test. See Answer paragraph 37.

  D. Count VI states a claim on behalf of Ronald Keyes under Illinois Law for malicious prosecution. **Michael Golz, Lyle Richmond and Frank Siciliano:** At this stage in the pleading, the evidence demonstrates that officer Peter Canzoneri and Charles Lombardi filed criminal complaints against the plaintiff Ronald Keyes. Also, the defendants acknowledge in their Answer that William Anderson initiated prosecution against Ronald Keyes. See Answer-Affirmative Defenses p. 23. At this point, the evidence does not implicate other defendant officers. Therefore, we dismiss Count VI as Michael Golz and defendants Lyle Richmond and Frank Siciliano. We reserve the right, however to amend the complaint to name and/or rename officers, including Michael Golz Lyle Richmond and Frank Siciliano, if further evidence suggest that he and others were involved in the malicious prosecution of Ronald Keyes.

Therefore, plaintiffs have sufficiently alleged facts in Count I, III, and IV to state a cause of action against Lyle Richmond and Frank Siciliano.

WHEREFORE, Gregory T. Ernst, Ronald and Leda Keyes respectfully request that this court deny defendants' motion to dismiss Counts I, III, and IV of the Complaint as to Lyle Richmond and Frank Siciliano. This court should dismiss Count I, III, IV and VI as to Michael Golz. This court should also dismiss Count VI as to Lyle Richmond and Frank Siciliano.

                                  Gregory T. Ernst, Ronald and Leda Keyes

                                  By: _____
                                         Standish E. Willis
                                         Teniece Guy
                                         One of their Attorneys

The Law Office of Standish E. Willis
407 S. Dearborn, Suite 1395
Chicago, Illinois 60605
312-554-0005
312-554-1012(fax)