Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 4884 | **DATE** | 6/30/2004 |
| **CASE TITLE** | Ernst vs. Anderson | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] On the Court's own motion, defendants' motions for summary judgment [44-1, 45-1, 46-1] are dismissed as untimely filed. Defendants motion to establish a schedule for the disclosure of expert witness testimony [36-1] is vacated as previously being resolved. For the reasons stated in the attached memorandum opinion and order plaintiff's motion for leave to file a third amended complaint is denied. Enter Memorandum Opinion and Order.

(11) ■ [For further detail see order attached to the original minute order.]

| X | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | JUL 1 - 2004 | |
| | Notified counsel by telephone. | | date docketed | 51 |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 2004 JUN 30 PM 3:08 | | |
| MF | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | |


| | |
|---|---|
| GREGORY T. ERNST, ) | |
| RONALD KEYES, and LEDA KEYES, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No: 02 C 4884 |
| ) | |
| OFFICER WILLIAM ANDERSON, ) | Judge John W. Darrah |
| OFFICER PETER CANZONERI, ) | |
| OFFICER C. LOMBARDI, ) | |
| OFFICER F. SICILIANO, ) | |
| OFFICER RICHMOND, ) | |
| OFFICER SIMI, and ) | |
| VILLAGE OF ROSEMONT, ) | |
| a municipal corporation, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiffs, Gregory T. Ernst, Ronald Keyes, and Leda Keyes, filed suit against Defendants, Officer William Anderson, Officer Peter Canzoneri, Officer C. Lombardi, Officer F. Siciliano, Officer Richmond, Officer Simi, and the Village of Rosemont. Plaintiffs allege, among other things, that certain Defendants violated their civil rights by using excessive force and making a false arrest and that certain Defendants committed defamation. Presently before the Court is Plaintiffs' Motion For Leave to File a Third-Amended Complaint.[1] For the following reasons, that motion is denied.

---

[1] Plaintiffs have previously filed only an Amended Complaint. Therefore, this motion is actually seeking leave to file a Second-Amended Complaint.

5 (

## LEGAL STANDARD

Federal Rule of Civil Procedure 15(a) provides that once a defendant has filed a responsive pleading, a plaintiff may amend his "pleading only by leave of court or by written consent of the [defendant]; and leave shall be freely given when justice so requires." However, leave to file an amended complaint may be denied if: (1) there is undue delay, bad faith, or a dilatory motive in filing an amended complaint; or (2) the opposing party would suffer undue prejudice if the amendment is permitted. *E.g., Park v. City of Chicago*, 297 F.3d 606, 612 (7th Cir. 2002). Substantive amendments shortly before trial are prejudicial to litigants and the "public's interest in speedy resolution of legal disputes." *See Perrian v. O'Grady*, 958 F.2d 192, 193, 195 (7th Cir. 1992) (holding that the denial of a motion for leave to amend a complaint two months before trial was not an abuse of discretion).

## BACKGROUND

The facts, for the purposes of this motion, are as follows. On July 10, 2002, Plaintiffs filed their original Complaint. On February 20, 2003, Plaintiffs filed their First-Amended Complaint. On May 10, 2004, Officers Lombardi, Anderson, and Canzoneri filed motions for summary judgment. On May 17, 2004, Plaintiffs, in the instant motion, sought leave to file another amended Complaint and add four new counts. Discovery, which was originally set to close on March 31, 2004, finally closed in this matter on May 19, 2004. A trial in this matter is set for September 27, 2004.

Ernst seeks to bring two of these new counts against Officers Anderson and Canzoneri. First, Ernst seeks to allege, in Count VII, that Officers Anderson and Canzoneri conspired to defame Ernst, in violation of Illinois common law. Second, Ernst seeks to allege, in Count VIII,

2

that Officers Anderson and Canzoneri conspired to tortiously interfere with Ernst's employment contract with the Cook County Sheriff's Department, in violation of Illinois common law.

On July 11, 2001, Officer Canzoneri sent an allegedly defaming memorandum to Officer Anderson, which was subsequently sent to Ernst's employer. On August 14, 2003, Ernst was deposed in this matter. At his deposition, Ernst testified that the allegedly defaming memorandum was sent to Ernst's employer by either Officer Canzoneri or Officer Anderson. On February 24, 2004, at his deposition, Officer Anderson testified that he sent the memorandum to Ernst's employer.

Leda Keyes seeks to bring new counts against Officers Canzoneri and Siciliano. Leda Keyes allege that she contracted herpes from her husband, Ronald Keyes, following the alleged sexual molestation that Officers Canzoneri and Siciliano committed against Ronald Keyes. Leda Keyes thus seeks to bring, in Count IX, an Illinois claim for loss of consortium and, in Count X, a claim under 42 U.S.C. § 1983 for deprivation of her liberty interest in spousal companionship and society.

On February 12, 2002, Ronald Keyes visited a physician regarding a herpes infection his wife contracted. A hospital record also indicates that on July 29, 2002, Leda Keyes told a nurse that her husband contracted herpes after being raped by a police officer. During her deposition in this case, taken on October 27, 2003, Leda Keyes testified that it was her understanding that her husband contracted herpes after being sexually assaulted by a police officer.

## ANALYSIS

Plaintiffs contend that they learned of the new claims through discovery and that due diligence was needed to confirm the claims. Plaintiffs further contend that Defendants would not be prejudiced because additional discovery would not be significant and the trial date will not change.

However, Ernst was aware of the factual basis for his conspiracy claim long before he attempted to add these claims. Before Plaintiffs filed their original Complaint, Officer Canzoneri sent Officer Anderson the allegedly defaming letter. Ernst also believed, eight months before he attempted to add his new conspiracy claims, that either Officer Anderson or Officer Canzoneri sent the allegedly defaming letter to Ernst's employer. Finally, more than one month before the original discovery cut-off date and more than two-months before the final discovery cut-off date, Anderson confirmed the basis for Ernst's conspiracy claims. Ernst argues he needed to complete due diligence before asserting these new claims. However, delaying confirmation of the alleged defamation for several months and waiting for more than two months after confirmation to move to file an amended complaint constitutes undue delay. This is particularly so considering the matter is set for trial in less than three months!

Leda Keyes was also aware of the factual basis of her claims long before she attempted to add these claims. Before Plaintiffs filed their original Complaint, Ronald Keyes was aware that his wife had contracted herpes. Before Plaintiffs filed their First-Amended Complaint, Leda Keyes believed that her husband had contracted herpes from a police officer. Leda Keyes also testified during her deposition, six months before she attempted to add her new claims, that it was her understanding that her husband contracted herpes after being sexually assaulted by a

4

police officer. Although Leda Keyes contends that she needed to complete due diligence before bringing claims of a medical nature, almost all of the facts needed by Leda Keyes to bring these claims were known to her, or easily obtainable by her, without even needing to conduct discovery.

Contrary to Plaintiffs' assertions, the failure to bring these claims earlier would prejudice Officers Canzoneri, Anderson, and Siciliano if they were now to be filed. Discovery has been closed for more than one month; if these new claims were permitted, Officers Canzoneri and Siciliano will have to conduct additional discovery, including the issue of Leda and Ronald Keyes' relationship, obtain medical records and possibly require Leda Keyes to take a blood test. Officers Canzoneri, Anderson, and Siciliano have now less than three months to prepare for these newly asserted claims. This prejudice is even more pronounced because Plaintiffs had substantial knowledge of these claims months before they sought leave to file this amended complaint. *See Cont'l Bank, N.A. v. Meyer*, 10 F.3d 1293, 1298 (7th Cir. 1993) (concluding that undue delay and prejudice would result if a party was permitted to amend its pleadings long after that party learned of the underlying facts relating to the amendment).

## CONCLUSION

For the foregoing reasons, Plaintiffs' Motion For Leave to File a Third-Amended Complaint is denied.

Dated: 6/30/04

JOHN W. DARRAH
United States District Judge