IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| GREGORY T. ERNST, RONALD and LEDA KEYES, | ) | |
| Plaintiffs, | ) ) | |
| | ) | |
| v. | ) ) | No. 02 C 4884 |
| | ) | |
| OFFICER WILLIAM ANDERSON, | ) | Judge Darrah |
| OFFICER PETER CANZONERI, | ) | |
| OFFICER C. LOMBARDI, OFFICER RICHMOND, | ) | |
| OFFICER F. SICILIANO, OFFICER SIMI, | ) | |
| and VILLAGE OF ROSEMONT, | ) | |
| Defendants. | ) | |

**NOTICE OF FILING**

| TO: | Standish E. Willis | Mr. Peter M. Rosenthal |
|---|---|---|
| | Law Offices of Standish E. Willis | Rosenthal, Murphey & Coblentz |
| | 407 South Dearborn Street | 30 North LaSalle Street |
| | Suite 1395 | Suite 1624 |
| | Chicago, Illinois 60605 | Chicago, Illinois 60602 |

PLEASE TAKE NOTICE that on November 24, 2004, I filed **Officer Canzoneri's Motion for Summary Judgement as to Counts VII and VIII of Plaintiffs' Second Amended Complaint, Memorandum of Law in Support of Officer Canzoneri's Motion for Summary Judgment as to Counts VII and VIII of Plaintiffs' Second Amended Complaint, Defendant Peter Canzoneri's Local Rule 56.1 Statement of Uncontested Facts**, with the Clerk of the United States District Court for the Northern District, Eastern Division, a copy of which is attached hereto and herewith served upon you.

STORINO, RAMELLO & DURKIN

By: _Melissa A Mirabelli_

STORINO, RAMELLO & DURKIN
9501 West Devon Avenue
Suite 800
Rosemont, Illinois 60018
(847) 318-9500

## CERTIFICATE AND AFFIDAVIT OF DELIVERY

I, Melissa A. Miroballi, an attorney, certify that under penalties as provided by law pursuant to 735 ILCS 5/1-109 the above-referenced documents, along with this Notice were served by:

[X]    mailing a copy of the addressee at the address indicated and depositing same in the U.S. Mail at Rosemont, Illinois by 4:30 p.m. on October 18, 2004.

[ ]    hand delivering said documents personally to each person to whom it is directed on _____.

[ ]    facsimile transmission to facsimile number indicated on attached notice by 4:30 p.m., on _____.

MELISSA A. MIROBALLI

RICHARD J. RAMELLO
MICHAEL K. DURKIN
ANGELO DEL MARTO
STORINO, RAMELLO & DURKIN
9501 West Devon Avenue, 8th Floor
Rosemont, IL 60018
(847) 318-9500

42264.1

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| GREGORY T. ERNST, RONALD and LEDA KEYES, Plaintiffs, | ) ) ) ) | |
| v. | ) ) | No. 02 C 4884 |
| OFFICER WILLIAM ANDERSON, OFFICER PETER CANZONERI OFFICER C. LOMBARDI, OFFICER RICHMOND, OFFICER F. SICILIANO, OFFICER SIMI, and VILLAGE OF ROSEMONT, Defendants. | ) ) ) ) ) ) ) | Judge Darrah |

## OFFICER CANZONERI'S MOTION FOR SUMMARY JUDGMENT
## AS TO COUNTS VII AND VIII OF PLAINTIFFS' SECOND AMENDED COMPLAINT

Defendant Peter Canzoneri, by his attorneys Richard J. Ramello, Michael K. Durkin and Angelo Del Marto of the law firm of Storino, Ramello & Durkin, moves pursuant to Federal Rule of Civil Procedure No. 56, that summary judgment be entered in his favor and against Plaintiff Gregory Ernst as to Counts VII and VIII of Plaintiffs' Second Amended Complaint.

In support of this Motion, Peter Canzoneri states as follows:

1.     Plaintiffs have filed an eleven-count Second Amended Complaint against the Village of Rosemont and certain individually named and unknown police officers stemming from incidents surrounding the arrest and detention of Plaintiff Ronald Keyes. Specifically Count I of Plaintiffs' Second Amended Complaint is advanced by Ronald Keyes against all individual Defendants and purports to allege a claim for excessive force pursuant to 42 U.S.C. §1983. Count II is a claim advanced by Plaintiff Leda Keyes for excessive force pursuant 42 U.S.C. §1983 against Defendant Officer Lombardi. Count III is a claim for false arrest under 42 U.S.C.

/ 0/

§1983 advanced by Plaintiff Ronald Keyes against all individual Defendants. Count IV asserts a state law claim for assault and battery advanced by Plaintiff Ronald Keyes against all individual Defendants. Count V is advanced by Leda Keyes and asserts a state law claim for assault and battery against Defendant Officer Lombardi. Count VI alleges a state-law malicious prosecution claim advanced by Plaintiff Ronald Keyes against all individually named Defendants. Counts VII and VIII are advanced by Plaintiff Gregory Ernst against Defendant Officers Canzoneri and Anderson and allege state claims of conspiracy to commit defamation and conspiracy to commit tortious interference with employment, respectively. Counts IX and X are advanced by Plaintiff Leda Keyes against Defendant Officers Canzoneri and Siciliano and allege claims for loss of consortium under Illinois law and deprivation of liberty in spousal companionship and society under 42 U.S.C. §1983, respectively. Count XI asserts liability against the Village of Rosemont for the actions of the individual Defendants under the doctrine of *respondeat superior*.

2.     The pleadings, affidavits and depositions on file reveal that Plaintiff Ernst cannot prove or prevail on the asserted causes of action for conspiracy, and accordingly, Counts VII and VIII should be dismissed, with prejudice.

3.     Defendant Canzoneri cannot be held liable for the defamation of Plaintiff Ernst because Defendant Canzoneri did not publish the Memorandum which is the crux of Plaintiff's defamation claim. Accordingly Count VII of the Second Amended Complaint should be dismissed with prejudice.

4.     Count VII should be dismissed with prejudice because Officer Canzoneri's Memorandum published to his superior is qualifiedly privileged.

43502.1                                2

5.    Alternatively, Plaintiff's defamation claim fails because the gist or the sting of Officer Canzoneri's Memorandum is true.

6.    Count VIII for tortious interference should be dismissed with prejudice because Plaintiff cannot prove Officer Canzoneri intentionally interfered with Plaintiff Ernst's employment with the Cook County Sheriff's Office.

7.    Counts VII and VIII of Plaintiff's Second Amended Complaint should be dismissed with prejudice because the Illinois Local Governmental and Governmental Employees Tort Immunity Act bars Plaintiff's state law claims.

8.    Defendant Anderson attaches and incorporates hereto a Memorandum of Law in support of this Motion for Summary Judgment.

WHEREFORE, for the reasons set forth above, Defendant Peter Canzoneri, respectfully requests that this Honorable Court enter judgment in his favor and against Plaintiff Gregory Ernst as to Count VII and Count VIII of the Second Amended Complaint.

Respectfully submitted,

By: _____
       Richard J. Ramello, One of the Attorneys for
       Defendant Peter Canzoneri

RICHARD J. RAMELLO
MICHAEL K. DURKIN
ANGELO DEL MARTO
STORINO, RAMELLO & DURKIN
9501 W. Devon, Suite 800
Rosemont, Illinois 60018
847-318-9500

43502.1                                          3



**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

GREGORY T. ERNST, RONALD )
and LEDA KEYES, )
      **Plaintiffs,** )
)
v. )   **No. 02 C 4884**
)
OFFICER WILLIAM ANDERSON, )   **Judge Darrah**
OFFICER PETER CANZONERI, )
OFFICER C. LOMBARDI, OFFICER RICHMOND, )
OFFICER F. SICILIANO, OFFICER SIMI, )
 and VILLAGE OF ROSEMONT, )
      **Defendants.** )

**MEMORANDUM OF LAW IN SUPPORT OF**
**OFFICER CANZONERI'S MOTION FOR SUMMARY JUDGMENT**
**AS TO COUNTS VII AND VIII OF PLAINTIFFS' SECOND AMENDED COMPLAINT**

I.    **Plaintiff Ernst Cannot Prove or Prevail on the Asserted Causes of Action for Conspiracy, and Accordingly, Counts VII and VIII Should Be Dismissed, with Prejudice.**

    The pleadings, affidavits and depositions on file reveal that Plaintiff cannot prove or prevail on the asserted causes of action for conspiracy, and accordingly, Counts VII and VIII should be dismissed. The deposition testimony of Plaintiff Gregory Ersnt, the deposition testimony of Defendants Anderson[1] and Canzoneri, the Affidavit of Peter Canzoneri and the allegations in the Second Amended Complaint itself reveal that Plaintiff Ernst cannot prevail on his asserted conspiracy claims. Accordingly, summary judgment should be granted in favor of Defendant Canzoneri, and Counts VII and VII of the Second Amended Complaint should be dismissed with prejudice.

    In order to assert a claim for conspiracy, Plaintiff must set forth proof that Defendants' tortious activity was (1) tortious, and (2) done in concert or agreement between the Defendants.

---

    [1]Anderson Deposition attached as Exhibit A to William Anderson's Motion to Dismiss Counts VII and VIII of the Second Amended Complaint.

See *Adcock v. Brakegate, Ltd.*, 645 N.E.2d 888, 164 Ill. 2d 54, 206 Ill. Dec. 636 (1994); *Dowd and Dowd, Ltd. v. Gleason*, 672 N.E.2d 854, 284 Ill. App. 3d 915, 220 Ill. Dec. 37 (1st Dist. 1994); *Hume & Liechty Veterinary Associates v. Hodes*, 632 N.E.2d 46, 259 Ill. App. 3d 367, 197 Ill. Dec. 977 (1st Dist. 1994). Not only has Plaintiff not even alleged such concerted action, but the depositions and affidavits before this court surely reveal that indeed, there was no such concerted activity and that Plaintiff's conspiracy claims hold no merit. In fact, Plaintiff Ernst has specifically testified in his deposition that he has no knowledge regarding the dissemination of the memorandum which allegedly defamed him and caused the alleged tortious interference with his business contract. (Canzoneri 56.1 Statement, Ex. B, Ernst Dep., pp. 98-99). Defendant Canzoneri has submitted and Affidavit which attests to the unrefuted fact that Canzoneri was not involved in the dissemination or distribution of the memorandum to Plaintiff's employer. (Canzoneri 56.1 Statement, Ex. A, Canzoneri Affidavit). The deposition testimony of both Defendants Canzoneri and Anderson bolster the unrefuted fact that there was no conspiracy to defame or interfere with Plaintiff Ernst's employment. (*See* Canzoneri 56.1 Statement, Ex. A, Canzoneri Affidavit; Canzoneri 56.1 Statement, Ex. C, Canzoneri Dep., pp. 74-76; Anderson Dep., Ex. A, attached to Anderson's Motion to Dismiss).

Furthermore, Plaintiff Ernst's underlying substantive claims for defamation and tortious interference with employment have no merit, and as these underlying claims should fail, so should Plaintiff's claims for conspiracy. *See Langer v. Becker*, 351 N.E.2d 830, 176 Ill. App. 3d 745, 126 Ill. Dec. 203 (1st Dist. 1988)(Bare allegation of existence of conspiracy does not itself constitute actionable wrong upon which liability for damages may be found; rather, conspiracy to commit act is not actionable at law unless underlying act itself is wrongful or tortious conduct). . As such Counts VII and VIII of Plaintiff's complaint should be dismissed with prejudice, as they substantively hold no merit.

## II.    Defendant Canzoneri Cannot be Held Liable for the Defamation of Plaintiff Ernst Because Defendant Canzoneri Did Not Publish the Memorandum Which is the Crux of Plaintiff's Defamation Claim. Accordingly, Count VII of the Second Amended Complaint Should Be Dismissed With Prejudice.

Count VII of the Complaint alleges a claim for defamation under Illinois law against Defendant Officer Peter Canzoneri. The alleged defamation occurred when Peter Canzoneri

published false statements in a memorandum to Plaintiff Ernst's employer, the Cook County Sheriff's Department. (*See* 2nd Am. Compl., ¶ 48, 49). Specifically, paragraphs 48 through 50 of the Plaintiffs' Second Amended Complaint alleges as follows:

> 48. To further cover up the unjustified malicious assault of Mr. Keyes, defendant officers Canzoneri and Anderson published false statements to the employer of Gregory Ernst.

> 49. On July 11, 2001 defendant officer Canzoneri wrote and sent a memorandum and officer Anderson sent the memorandum containing false statements, on official Rosemont Police letter head, to the employer of Gregory Ernst, Chief Weinstein of the Cook County Sheriff's Department.

> 50. In this memorandum, defendant officer Canzoneri made false statements that alleged Gregory Ernst was in the company of offenders who were using marijuana and disturbing the peace at the Allstate Arena in Rosemont, Illinois. He further alleged that Mr. Ernst had used his position as an Internal Affairs Office in an attempt to get Ronald Keyes released from police custody without being charged. Defendant officer Canzoneri also alleged that when Mr. Ernst failed to get Mr. Keyes released, he incited Mr. Keyes to become combative.

In order to prove a claim for defamation under Illinois Law, a plaintiff must prove that the person who is alleged to have defamed the plaintiff "published" the defamatory statement and that the publication by this person is what damaged the plaintiff. See *Krasinski v. United Parcel Service*, 124 Ill.2d 483, 490, 530 N.E.2d 468 (1988), where the Illinois Supreme Court stated:

> To make out a claim for defamation, the plaintiff must set out sufficient facts to show that the defendants made a false statement concerning him, that there was an unprivileged publication to a third party with fault by the defendant, which caused damage to the plaintiff.

In this case, as set forth above, Gregory Ernst is claiming that he was defamed when the Memorandum which Peter Canzoneri wrote and addressed to Captain Anderson and placed in Captain Anderson's mailbox was "published" to Gregory Ernst's superior at the Cook County Sheriff's Department, Chief Weinstein. However, Plaintiff Ernst concedes that he does not know who sent the document which contained the defamatory statements to the Cook County Sheriff's Department. (Canzoneri 56.1 Statement, Ex. B, Ernst Dep., pp. 98, 99).

During his deposition, Gregory Ernst also admitted that, if the Memorandum which is at issue had not been sent to the Cook County Sheriff's Department, he would not have been defamed or damaged. (Canzoneri 56.1 Statement, Ex. B., Ernst Dep., pp. 102, 103).

In order for Canzoneri to be liable for defamation as a result of the publication of the Memorandum which he wrote to Captain Anderson, Canzoneri must be the person who published, that is sent the Memorandum or caused the Memorandum to be sent, to Chief Weinstein. Gregory Ernst does not know who sent the Memorandum to the Cook County Sheriff's Department. (Canzoneri 56.1 Statement, Ex. B, Ernst Dep., pp. 102-103).

In addition, as set forth in the affidavit of Peter Canzoneri, Defendant Canzoneri did not send, disseminate, deliver or transmit to anyone other than Captain Anderson the Memorandum which Gregory Ernst identified in his deposition as being the document which is alleged in the Complaint to contain the defamatory statements regarding Ernst that form the basis of his defamation action. The Canzoneri affidavit in particular, as consistent with paragraph 49 of the Second Amended Complaint, also establishes that Canzoneri did not send the Memorandum to Chief Weinstein. The deposition testimony of Plaintiff Ernst establishes that Plaintiff cannot refute this fact.

Because Peter Canzoneri did not send the Memorandum which is at the heart of Plaintiff Ernst's defamation claim to the Cook County Sheriff's Department or direct that the Memorandum be sent to the Cook County Sheriff's Department, Peter Canzoneri did not publish the Memorandum to the Cook County Sheriff's Department. He therefore can not be held liable for any damages which Gregory Ernst may have incurred that resulted from the receipt of the Memorandum by the Cook County Sheriff's Department. In other words, Peter Canzoneri is not the person who caused the alleged defamation of Gregory Ernst that occurred when the Memorandum was sent to the Cook County Sheriff's Department. Peter Canzoneri is, therefore, not liable to Gregory Ernst for the defamation that is alleged to have occurred in Count VII of the Complaint.

Absent the deposition testimony cited above, and his affidavit, Peter Canzoneri would still be entitled to summary judgment as to Count VII of the Complaint. The reason for this is that with regard to the claims alleged in this Count, Gregory Ernst cannot establish an element

essential to his case as to which he will have the burden of proof at trial. See *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 106 S.Ct. 2548, 2552 (1986).

In order to be able to be entitled to recover from Peter Canzoneri on a claim of defamation, Gregory Ernst would have to show that Peter Canzoneri published or directed the publication of the Memorandum to the Cook County Sheriff's Department. Under Illinois law, even if the Memorandum contains defamatory statements regarding Gregory Ernst, Peter Canzoneri as the author of the document cannot be held liable for the damages which Gregory Ernst suffered as a result of the document being sent to the Cook County Sheriff's Department unless Canzoneri sent the document himself or intended that it be sent. See *Oberman v. Dun & Bradstreet, Inc.,* 586 F.2d 1173, 1175 (7th Cir. 1978) citing the statement in *Clifford v. Cochrane,* 10 Ill.App. 570, 577 (1982) that "no liability attaches to the author of a libel for such reproduction, unless it is made by his authority or consent, either express or implied." In this case, because Gregory Ernst cannot prove, nor has he alleged, that Peter Canzoneri sent the document which allegedly defamed Ernst and caused Ernst to incur damages, to the Cook County Sheriff's Department or intended that such document be sent, Canzoneri is entitled to have summary judgment entered in his favor as to Count VII.

**III.    Count VII Should Be Dismissed with Prejudice Because Officer Canzoneri's Memorandum Published to His Superior Is Qualifiedly Privileged.**

An examination of the complaint and the allegedly defamatory letter reveals that Plaintiffs' claim for defamation fails as protected by a qualified privilege afforded to Defendants.

No clear rule exists for determining whether language is defamatory and thus each case must be decided on its own facts. *Barakat v. Matz* 271 Ill. App. 3d 662, 648 N.E.2d 1033, 1038 (1st Dist. 1995). Even per se defamatory statements may not be actionable if safeguarded as an expression of opinion or if protected by qualified privilege. *Id.* at 1038. Whether or not an allegedly defamatory statement is protected by an absolute or qualified privilege is a question of law to be determined by the court. *Kuwik v. Starmark Star Marketing & Admin., Inc.,* 156 Ill.2d 16, 619 N.E.2d 129, 133 (1993); *Barakat,* 271 Ill. App. 3d 662, 648 N.E.2d at 1038-1039.

This privilege is based on the policy of protecting honest communications of misinformation in certain favored circumstances in order to facilitate the availability of correct

information. *Kuwik,* 156 Ill.2d 16, 619 N.E.2d at 133; *Parker v. House O'Lite Corporation.,* 324 Ill.App.3d 1014, 756 N.E.2d 286, 296 (1 st Dist. 2001).

To determine whether a conditional privilege exists, a court looks only to the occasion itself for the communication and determines as a matter of law and general policy whether the occasion created some recognized duty or interest to make the communication so as to make it privileged. *Kuwik v. Starmark Star Market. & Admin.,* 156 Ill.2d 16, 619 N.E.2d 129, 134 (Il. S. Ct. 1993); *Barakat v. Matz* 271 Ill.App.3d 662, 648 N.E.2d 1033, 1039 (1 Dist. 1995).

Three classes of conditionally privileged occasions are recognized:

> (1)     Situations in which some interest of the person who publishes the defamatory matter is involved;

> (2)     Situations in which some interest of the person to whom the matter is published or of some other third person is involved;

> (3)     Situations in which a recognized interest of the public is concerned.

*Kuwik v. Starmark Star Market. & Admin.,* 156 Ill.2d 16, 619 N.E.2d 129, 135 (Il. S. Ct. 1993); *Parker v. House O'Lite Corporation.,* 324 Ill.App.3d 1014, 756 N.E.2d 286, 297 (1 Dist. 2001).

Once the defendant establishes a qualified privilege, the burden then shifts to the plaintiff to demonstrate abuse of the privilege. *Kuwik v. Starmark Star Market. & Admin.,* 156 Ill.2d 16, 619 N.E.2d 129, 135  (Il. S. Ct. 1993); *Parker v. House O'Lite Corporation,* 324 Ill.App.3d 1014, 756 N.E.2d 286, 298 (1 Dist. 2001).

To prove abuse of a qualified privilege, the plaintiff must show a direct intention to injure another, or a reckless disregard of the defamed party's rights and of the consequences that may result to him. *Kuwik v. Starmark Star Market. & Admin.,* 156 Ill.2d 16, 619 N.E.2d 129, 135 (Il. S. Ct. 1993); *Barakat v. Matz,* 271 Ill.App.3d 662, 648 N.E.2d 1033, 1040 (1 Dist. 1995). An abuse of a qualified privilege may consist of any reckless act which shows a disregard for the defamed party's rights, including the failure to properly investigate the truth of the matter, limit the scope of the material, or send the material to only the proper parties. *Kuwik v. Starmark Star Market. & Admin.,* 156 Ill.2d 16, 619 N.E.2d 129, 136 (Il. S. Ct. 1993); *Barakat v. Matz,* 271 Ill.App.3d 662, 648 N.E.2d 1033, 1040  (1 Dist. 1995).

Officer Canzoneri's Memorandum meets all three criteria for a qualified privilege and the depositions and affidavits on file reveal that no abuse of the privilege occurred. Officer Canzoneri was involved in a situation, the arrest of Ronald Keyes, and meeting of Gregory Ernst, a Cook County Department of Corrections Internal Affairs Investigator, at the hospital emergency room, in which Canzoneri was an interested party when he published his Memorandum to his superior officer. Secondly, Officer Canzoneri was involved in a situation, the arrest of Keyes and meeting of Gregory Ernst, a Cook County Department of Corrections Internal Affairs Investigator, at the hospital emergency room, whereby either superior officer of Canzoneri or Ernst would be concerned regarding the conduct of their subordinates in a public place where they have identified themselves as members of law enforcement agencies. The public has an interest in police officers carrying out their duties in a fair, impartial manner, without undue influence from other law enforcement agencies interfering with an arrest, or giving the appearance of impropriety.

Officer Canzoneri sent the Memorandum, upon which Ernst bases his defamation claim, solely to his superior officer, William Anderson and no one else, and specifically not the Cook County Sheriff. (Canzoneri 56.1, Statement, ¶ ¶ 2, 3, 6, 7, 9). Plaintiff Ernst clearly admits that the defamation claim would not stand absent its publication to Plaintiff's employer, the Cook County Sheriff's Office. The evidence is uncontroverted that Plaintiff Canzoneri did not disseminate the Memorandum, or its contents, to any person at the Cook County Sheriff's Office. Defendant Canzoneri limited his publication to his immediate superior and therefore sent it to the proper party. Even had he not limited his publication to his immediate supervisor, Internal Affairs is the appropriate investigatory department to make a complaint against a police officer. The fact that Internal Affairs officers have access to Internal Affairs records does not make the sending of the Memorandum to improper parties. Weinstein forwarded whatever he received to another investigatory agency to prevent the appearance of impropriety. (Canzoneri 56.1, Statement ¶ 22, 23).

7

**IV.     Alternatively, Plaintiff's Defamation Claim Fails Because the Gist or Sting of
          Officer Canzoneri's Memorandum Is True.**

An allegedly defamatory statement is not actionable if it is substantially true, even though
it is not technically accurate in every detail. *Harrison v. Chicago Sun Times, Inc.,* 341 Ill.App.3d
555, 793 N.E.2d 760, 766-767 (1 Dist. 2003); *Parker v. House O'Lite Corporation,* 324
Ill.App.3d 1014, 756 N.E.2d 286, 296 (1 Dist. 2001). The defendant need only demonstrate the
substantial truth of the allegedly defamatory material to establish the defense of truth to a
defamation action. *Harrison v. Chicago Sun Times, Inc.,* 341 Ill.App.3d 555, 793 N.E.2d 760,
766 (1 Dist. 2003); *Parker v. House O'Lite Corporation,* 324 Ill.App.3d 1014, 756 N.E.2d 286,
296 (1 Dist. 2001); *Cianci v. Pettibone, Corp.,* 298 Ill. App.3d 419, 698 N.E.2d 674, 678 (1
Dist. 1998); *Gist v. Macon County Sheriff's Dept.,* 284 Ill.App.3d 367, 671 N.E.2d 1154, 1157 (4
Dist. 1996). Such demonstration is made where the defendant shows that the "gist" or "sting" of
the allegedly defamatory material is true. *Harrison v. Chicago Sun Times, Inc.,* 341 Ill.App.3d
555, 793 N.E.2d 760, 766 (1 Dist. 2003); *Parker v. House O'Lite Corporation,* 324 Ill.App.3d
1014, 756 N.E.2d 286, 296 (1 Dist. 2001). Falsehoods which do no incremental damage to the
plaintiff's reputation do not injure the only interest that the law of defamation protects. *Gist v.
Macon County Sheriff's Dept.,* 284 Ill.App.3d 367, 671 N.E.2d 1154, 1157 (4 Dist. 1996).

If the pleadings and attached exhibits present no genuine issue of material fact, where no
reasonable person could find that substantial truth had not been established, the defendant is
entitled to a judgment as a matter of law. *Harrison v. Chicago Sun Times, Inc.,* 341 Ill.App.3d
555, 793 N.E.2d 760, 766-767 (1 Dist. 2003); *Parker v. House O'Lite Corporation,* 324
Ill.App.3d 1014, 756 N.E.2d 286, 296 (1 Dist. 2001); *Turner v. Fletcher,* 302 Ill.App.3d 1051,
706 N.E.2d 514, 518 (4 Dist. 1999); *Gist v. Macon County Sheriff's Dept.,* 284 Ill.App.3d 367,
671 N.E.2d 1154, 1157 (4 Dist. 1996). When determining whether factual issues exist for
purposes of a summary judgment motion, the court must ignore personal conclusions, opinions
and self-serving statements and consider only facts admissible in evidence. *Vickers v. Abbott
Laboratories,* 308 Ill.App.3d 393, 719 N.E.2d 1101, 1112 (1 Dist. 1999). While plaintiff need
not prove his entire case at the summary judgment stage of proceedings, he bears the burden of
presenting a factual basis which would entitle him to judgment. *Vickers v. Abbott Laboratories,*
308 Ill.App.3d 393, 719 N.E.2d 1101, 1112 (1 Dist. 1999).

Where the plaintiff's own characterization is not substantially different from the

allegedly defamatory language, such language may be deemed substantially true. *Harrison v. Chicago Sun Times, Inc.,* 341 Ill.App.3d 555, 793 N.E.2d 760, 766 (1 Dist. 2003).

The facts are undisputed that Plaintiff Ernst did attend a concert at the Allstate Arena on July 10, 2001 with Ronald Keyes who was arrested. (Canzoneri 56.1, Statement, ¶ ¶ 16, 20). Plaintiff Ernst did arrive at the hospital emergency room and identify himself to Officer Canzoneri as an internal affairs investigator for the Sheriff's Department. (Canzoneri 56.1, Statement, ¶ 18). Plaintiff Ernst had consumed alcohol at dinner, earlier that evening. (Canzoneri 56.1, Statement, ¶ 17). The contents of the Memorandum at issue are entirely true. Plaintiff Ernst testified that the defamation spawned from the rumor that he was "smoking pot and caused a fight at the arena," not from the memorandum generated by Officer Canzoneri. (Canzoneri 56.1 Statement, Ex. B, Ernst Dep., pp. 34-35). This defamatory language is totally absent from the contents of the Memorandum, which is the crux of Plaintiff Ernst's defamation claim. Accordingly, the contents of the Memorandum, which stand unrefuted by Plaintiff Ernst, cannot be the basis of liability for defamation. Accordingly, Count VII of Plaintiff's Second Amended Complaint should be dismissed with prejudice.

**V.      Count VIII For Tortious Interference Should Be Dismissed with Prejudice Because Plaintiff Cannot Prove Officer Canzoneri Intentionally Interfered with Plaintiff Ernst's Employment with the Cook County Sheriff's Office.**

Count VIII alleges a claim of tortious interference with a contract on behalf of Gregory Ernst against Peter Canzoneri. The contract allegedly interfered with was the employment contract which Ernst had with the Cook County Sheriff's Department. The interference allegedly occurred because Canzoneri published false statements relating to Gregory Ernst. (*See* 2nd Am. Compl., ¶¶ 52 - 54, Count VIII ¶¶ 55-58).

The elements required to state a cause of action under Illinois Law for tortious interference with a contract are: 1) the existence of a valid and enforceable contract between the plaintiff and another; 2) the defendant's awareness of the contractual relationship between the plaintiff and another; 3) the defendant's intentional and unjustifiable inducement of a breach of the contract; 4) a breach of contract caused by the defendant's wrongful acts; and 5) damage to the plaintiff. *International, Marketing, Limited v. Archer-Daniels-Midland Co.,* 192 F.3d 724, 731 (7th Cir. 1999); *HPI Healthcare Services v. Mt. Vernon Hospital, Inc.,* 131 Ill.2d 145, 154,

545 N.E.2d 672 (1989) ; *Fieldcrest Builders, Inc. v. Antonucci*, 311 Ill. App. 3d 597, 611 (1st Dist. 1999).

Peter Canzoneri is entitled to summary judgment as to Count VIII of the Second Amended Complaint because there are at least two elements of his tortious interference with contract claim which Gregory Ernst cannot prove. See *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 106 S.Ct. 2548, 2552 (1986). These two elements are that (1) Peter Canzoneri engaged in unjustified acts which were intended to induce Cook County to breach its employment contract with Gregory Ernst and (2) Cook County actually did breach its employment contract with Gregory Ernst as a result of the intentional and unjustified acts of Peter Canzoneri.

As set forth above, the evidence developed in this case illustrates that Peter Canzoneri wrote the Memorandum at issue to Captain Anderson and placed it in Captain Anderson's internal mailbox at the Rosemont Police Department. He did not send or otherwise transmit the Memorandum to the Cook County Sheriff's Department, nor did he direct that it be sent to the Cook County Sheriff's Department. (Exhibit A, Canzoneri Affidavit). There is no evidence that Peter Canzoneri did anything which was intended to cause the Cook County Sheriff's Department to breach Gregory Ernst's employment contract. Even if Canzoneri had done some act that was intended to cause the Cook County Sheriff's Department to breach Ernst's employment contract, there is no evidence that the Cook County Sheriff's Department did anything that constitutes a violation or breach of its employment contract with Ernst. In order to prevail on a claim for tortious interference with a contract, it is not enough for a plaintiff to prove that the defendant intended to interfere with the contract; the plaintiff must also prove that the contract was breached. See, *Goldberg v. Miller,* 874 F.Supp. 874, 879 (N.D. Ill. 1995) where the court ruled that there was no breach of the contract at issue, a complaint failed to state a claim for tortious interference with a contract.

The facts are undisputed that Defendant Canzoneri did not send the Memorandum complained of to Gregory Ernst's employer. (Canzoneri 56.1, Statement ¶ 2, 3, 5,6, 7). Nonetheless, Saul Weinstein, Gregory Ernst's superior officer, testified under oath at his deposition that the internal investigation initiated by the Memorandum resulted in no disciplinary action being taken against Ernst. (Canzoneri 56.1 Statement ¶ 3, 10, 11). Ernst admitted same. (Canzoneri 56.1, Statement ¶ 11). Weinstein testified that Ernst was not denied any salary

increases since July 10, 2001. (Canzoneri 56.1, Statement ¶ 12). Ernst admitted same. (Canzoneri 56.1, Statement ¶ 12).

Nothing in the Memorandum Officer Canzoneri sent to his superior officer, William Anderson, caused Gregory Ernst to lose the above benefits he complained of in the Second Amended Complaint, or any benefits otherwise asserted at his deposition. (Canzoneri 56.1, Statement ¶¶ 11, 12, 13, 14, 15). Neither Weinstein nor anyone with Weinstein's approval punished Gregory Ernst for the Rosemont incident by prohibiting Ernst from working after-hour-duty-call. (Canzoneri 56.1, Statement ¶ 13). Weinstein made an administrative decision regarding after-hour-duty-call and used seniority for the determination of who received the permanent assignment and, had Ernst been more senior, he would have received the assignment and the automobile that went along with the job. (Canzoneri 56.1, Statement ¶¶ 13, 14). Neither Weinstein nor anyone with Weinstein's approval punished Gregory Ernst for the Rosemont incident by prohibiting him from using a department vehicle, because Weinstein had three cars for twelve investigators and Weinstein took cars away from everyone, including Michael Sheahan, the Sheriff of Cook County, for administrative reasons. (Canzoneri 56.1, Statement ¶ 13, 14, 15).

**VI.** **Counts VII and VIII of Plaintiff's Second Amended Complaint Should Be Dismissed with Prejudice Because the Illinois Local Governmental and Governmental Employees Tort Immunity Act Bars Plaintiff's State Law Claims.**

In addition, the Illinois Governmental and Governmental Employees Tort Immunity Act ("Tort Immunity Act") provides other substantive defenses that shield Defendant Canzoneri from liability for the new claims asserted by Plaintiff Gregory Ernst. Accordingly, Plaintiff Ernst is precluded from recovery and Defendant Canzoneri is immune from liability. Specifically, sections 2-201, 2-202, 2-204, 2-208, 2-210, 2-212, and 8-101 of the Tort Immunity Act are applicable in the case at hand.

The relevant portions of the Tort Immunity Act are specifically set forth as follows:

**10/2-201.** **Determination of policy or exercise of discretion**

§2-201. Except as otherwise provided by Statute, a public employee serving in a position involving the determination of policy or the exercise of discretion is not liable for an injury resulting from his act or omission in determining policy when acting in the exercise of such discretion even though abused. (745 ILCS 10/2-201).

**10/2-202.      Execution or enforcement of law**

§2-202. A public employee is not liable for his act or omission in the execution or enforcement of any law unless such act or omission constitutes willful or wanton conduct. (745 ILCS 10/2-202).

**10/2-204.      Acts or omissions of another person**

§2-204. Except as otherwise provided by statute, a public employee, as such and acting within the scope of his employment, is not liable for an injury caused by the act or omission of another person. (745 ILCS 10/2-204).

**10/2-208.      Institution or prosecution of judicial or administrative proceeding**

§2-208. A public employee is not liable for injury caused by his instituting or prosecuting any judicial or administrative proceeding within the scope of his employment, unless he acts maliciously and without probable cause. (745 ILCS 10/2-208).

**10/2-210.      Negligent misrepresentation; provision of information**

§2-210. A public employee acting in the scope of his employment is not liable for an injury caused by his negligent misrepresentation or the provision of information either orally, in writing, by computer or any other electronic transmission, or in a book or other form of library material. (745 ILCS 10/2-210).

**10/2-212.      Joint action**

§2-212. The provisions * * * which define or limit the liability of a public employee in terms of his doing of an act or of his failure to act apply to public employees who function jointly, in conjunction or in collaboration with other public employees as well as to those who function singly. (745 ILCS 10/2-212).

Against this backdrop, it is clear that Plaintiff Ernst's state actions for conspiracy to commit defamation and conspiracy to engage in tortious interference with employment contract must fail. Any action alleged on behalf of the Defendant Canzoneri in examining and reporting the wrong doing of Plaintiff to Canzoneri's supervisor constitutes an act of discretion, enforcement of a law, and/or the institution of administrative proceedings covered under sections 2-201, 2-202 and 2-208 of the Tort Immunity Act. Section 2-204 precludes liability against an individual for an injury caused by the act or omission of another, thereby eliminating each Defendant Canzoneri's liability for the actions of another, i.e. Defendant Anderson. Section 2-210 bars Plaintiff's underlying action for defamation and section 2-212 bars any state action on

behalf of Plaintiff for conspiracy. Accordingly, Defendant Canzoneri is entitled to summary judgement of Plaintiff's Ernst's claims sounding in Illinois tort law, and therefore Counts VII and VIII of the Second Amended Complaint should be dismissed with prejudice.

Because the allegations in Counts VII and VIII relate only to Peter Canzoneri, and as set forth above, Peter Canzoneri is entitled to summary judgment as to both Count VII and Count VIII of the Complaint. Count VII and Count VIII should be dismissed. Gregory Ernst should also be dismissed as a plaintiff in this case, as Counts VII and VIII are the only counts of the Complaint which allege claims on his behalf.

For the reasons set forth above, Defendant Peter Canzoneri, respectfully requests that this Court enter judgment in his favor and against Gregory Ernst as to Count VII and Count VIII of the Second Amended Complaint.

Respectfully submitted,

By: _____
Richard J. Ramello, One of the Attorneys for
Defendant Peter Canzoneri

RICHARD J. RAMELLO
MICHAEL K. DURKIN
ANGELO DEL MARTO
STORINO, RAMELLO & DURKIN
9501 W. Devon, Suite 800
Rosemont, Illinois 60018
847-318-9500

43505.1                                    13