**FILED**

NOV 2 9 2004

NOV 2 4 2004

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| GREGORY T. ERNST, RONALD and LEDA KEYES,<br>    Plaintiffs, | ) ) ) ) | |
| v. | ) ) | No. 02 C 4884 |
| OFFICER WILLIAM ANDERSON,<br>OFFICER PETER CANZONERI,<br>OFFICER C. LOMBARDI, OFFICER RICHMOND,<br>OFFICER F. SICILIANO, OFFICER SIMI,<br>and VILLAGE OF ROSEMONT,<br>    Defendants. | ) ) ) ) ) ) ) | Judge Darrah |

## NOTICE OF FILING

TO:    Standish E. Willis                    Mr. Peter M. Rosenthal
       Law Offices of Standish E. Willis     Rosenthal, Murphey & Coblentz
       407 South Dearborn Street             30 North LaSalle Street
       Suite 1395                            Suite 1624
       Chicago, Illinois 60605               Chicago, Illinois 60602

        PLEASE TAKE NOTICE that on November 24th, 2004, I filed **Defendants William Anderson's Motion for Summary Judgement as to Counts I, III, IV and VI of Plaintiffs' Second Amended Complaint, Defendant William Anderson's Memorandum of Law in Support of His Motion for Summary Judgment as to Counts I, III, IV and VI of Plaintiffs' Second Amended Complaint, and Defendant William Anderson's Local Rule 56.1 Statement of Uncontested Facts**, with the Clerk of the United States District Court for the Northern District, Eastern Division, a copy of which is attached hereto and herewith served upon you.

                              STORINO, RAMELLO & DURKIN

                              By:_____

STORINO, RAMELLO & DURKIN
9501 West Devon Avenue
Suite 800
Rosemont, Illinois 60018
(847) 318-9500

104

## CERTIFICATE AND AFFIDAVIT OF DELIVERY

I, Melissa A. Miroballi, an attorney, certify that under penalties as provided by law pursuant to 735 ILCS 5/1-109 the above-referenced documents, along with this Notice were served by:

[X]    mailing a copy of the addressee at the address indicated and depositing same in the U.S. Mail at Rosemont, Illinois by 4:30 p.m. on November 24, 2004.

[ ]    hand delivering said documents personally to each person to whom it is directed on _____.

[ ]    facsimile transmission to facsimile number indicated on attached notice by 4:30 p.m., on _____.

MELISSA A.MIROBALLI

RICHARD J. RAMELLO
MICHAEL K. DURKIN
ANGELO DEL MARTO
STORINO, RAMELLO & DURKIN
9501 West Devon Avenue, 8th Floor
Rosemont, IL 60018
(847) 318-9500

42274.1



IN THE UNITED STATES DISTRICT COURT **FILED** NOV 2 4 2004
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION  NOV 2 4 2004

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

GREGORY T. ERNST, RONALD )
and LEDA KEYES, )
        Plaintiffs, )
 )
 )
        v. )        No. 02 C 4884
 )
OFFICER WILLIAM ANDERSON, )        Judge Darrah
OFFICER PETER CANZONERI )
OFFICER C. LOMBARDI, OFFICER RICHMOND, )
OFFICER F. SICILIANO, OFFICER SIMI, )
 and VILLAGE OF ROSEMONT, )
        Defendants. )

## DEFENDANT WILLIAM ANDERSON'S MOTION FOR SUMMARY JUDGMENT AS TO COUNTS I, III, IV AND VI OF PLAINTIFFS' SECOND AMENDED COMPLAINT

Defendant William Anderson, by his attorneys Richard J. Ramello, Michael K. Durkin and

Angelo Del Marto of the law firm of Storino, Ramello & Durkin, moves pursuant to Federal Rule

of Civil Procedure No. 56, that summary judgment be entered in his favor and against plaintiff

Ronald Keyes as to Counts I, III, IV and VI of Plaintiffs' Second Amended Complaint.

In support of this Motion, William Anderson states as follows:

1.        Plaintiffs have filed an eleven-count Second Amended Complaint against the Village

of Rosemont and certain individually named and unknown police officers stemming from incidents

surrounding the arrest and detention of Plaintiff Ronald Keyes. Specifically Count I of Plaintiffs'

Second Amended Complaint is advanced by Ronald Keyes against all individual Defendants and

purports to allege a claim for excessive force pursuant to 42 U.S.C. §1983. Count II is a claim

advanced by Plaintiff Leda Keyes for excessive force pursuant 42 U.S.C. §1983 against Defendant

Officer Lombardi. Count III is a claim for false arrest under 42 U.S.C. §1983 advanced by Plaintiff

43449.1

/04

Ronald Keyes against all individual Defendants. Count IV asserts a state law claim for assault and

battery advanced by Plaintiff Ronald Keyes against all individual Defendants. Count V is advanced

by Leda Keyes and asserts a state law claim for assault and battery against Defendant Officer

Lombardi. Count VI alleges a state-law malicious prosecution claim advanced by Plaintiff Ronald

Keyes against all individually named Defendants. Counts VII and VIII are advanced by Plaintiff

Gregory Ernst against Defendant Officers Canzoneri and Anderson and allege state claims of

conspiracy to commit defamation and conspiracy to commit tortious interference with employment,

respectively. Counts IX and X are advanced by Plaintiff Leda Keyes against Defendant Officers

Canzoneri and Siciliano and allege claims for loss of consortium under Illinois law and deprivation

of liberty in spousal companionship and society under 42 U.S.C. §1983, respectively. Count XI

asserts liability against the Village of Rosemont for the actions of the individual Defendants under

the doctrine of *respondeat superior.*

2.      Summary judgement should be granted in favor of Defendant Anderson as to Counts

I, III, IV, and VI of Plaintiffs' Second Amended Complaint because Defendant Anderson had no

personal involvement in the occurrences which form the basis of Plaintiff Ronald Keyes' claims.

3.      Defendant Anderson is entitled to summary judgement because Plaintiff cannot

establish a *prima facie* case against Defendant Anderson regarding Counts I, III, IV and VI of

Plaintiffs' Second Amended Complaint.

4.      Qualified immunity shields Defendant Anderson from liability and therefore summary

judgement should be granted in favor of Defendant Anderson as to Counts I and III of Plaintiffs'

Second Amended Complaint.

5.      Defendant Anderson attaches and incorporates hereto a Memorandum of Law in

43449.1                                    -2-

support of this Motion for Summary Judgment.

WHEREFORE, for the reasons set forth above, Defendant William Anderson respectfully

requests that this court enter judgment in his favor and against Plaintiff Ronald Keyes as to Counts

I, III, IV and VI of the Second Amended Complaint.

Respectfully Submitted,

By: _____

Richard J. Ramello, One of the Attorneys for
Defendant William Anderson

RICHARD J. RAMELLO
MICHAEL K. DURKIN
ANGELO DEL MARTO
STORINO, RAMELLO & DURKIN
9501 West Devon Avenue, Suite 800
Rosemont, Illinois 60018
(847)318-9500

43449.1                                -3-

FILED
NOV 2 9 2004
NOV 2 4 2004
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

## IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

GREGORY T. ERNST, RONALD )
and LEDA KEYES, )
     Plaintiffs, )
        )
     v. )     No. 02 C 4884
        )
OFFICER WILLIAM ANDERSON, )     Judge Darrah
OFFICER PETER CANZONERI )
OFFICER C. LOMBARDI, OFFICER RICHMOND, )
OFFICER F. SICILIANO, OFFICER SIMI, )
and VILLAGE OF ROSEMONT, )
     Defendants. )

### DEFENDANT WILLIAM ANDERSON'S MEMORANDUM OF LAW
### IN SUPPORT OF HIS MOTION FOR SUMMARY JUDGMENT AS TO
### COUNTS I, III, IV AND VI OF PLAINTIFFS' SECOND AMENDED COMPLAINT

### PREFATORY REMARKS

Count I of the Second Amended Complaint alleges a claim for excessive force in violation

of 42 U.S.C. § 1983 on behalf of Ronald Keyes against various Village of Rosemont police officers,

including William Anderson. The alleged use of excessive force that is the basis for Count I

allegedly occurred in the late evening and early morning hours of July 10, 2001 and July 11, 2001

on the premises of the Allstate Arena, at the Rosemont Police Department and in a police car while

Ronald Keyes was being transported to the Rosemont Police Department from the Allstate Arena.

(*See* 2nd Am. Compl., ¶¶ 15 - 18, 21, 22, 24 - 28, 30 - 34, 41 - 47).

Count III of the Complaint alleges a claim for false arrest in violation of 42 USC Section

1983 and the Fourth Amendment on behalf of Ronald Keyes The arrest which forms the basis for

Count III apparently occurred on the premises of the Allstate Arena on July 10, 2001 when Ronald

104

Keyes was taken into custody and subsequently charged with battery. (*See* 2nd Am. Compl., ¶¶ 25, 26, 46).

Count IV of the Complaint alleges a claim under Illinois state law on behalf of Ronald Keyes for assault and battery. The alleged acts which form the basis for the excessive force claim alleged in Count I also form the basis for the assault and battery claim alleged in Count IV. These acts allegedly occurred on the premises of the Allstate Arena on July 10, 2001 and at the Rosemont Police Department in the late evening hours of July 10, 2001 and the early morning hours of July 11, 2001. (*See* 2nd Am. Compl., ¶¶ 15 - 18, 21, 22, 24 - 28, 30 - 34, 41 - 47).

Count VI of the Complaint alleges a claim under Illinois state law on behalf of Ronald Keyes for malicious prosecution. The basis for the claim is the criminal prosecution of Ronald Keyes which followed his arrest at the Allstate Arena on July 10, 2001. The Complaint also generally alleges that the all defendants, including Defendant Anderson, signed complaints against Ronald Keyes which began the prosecution and gave false statements to the prosecution. (*See* 2nd Am. Compl., Count VI, ¶ 56).

## LEGAL STANDARD

A motion for summary judgment may be granted when there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Renovitch v. Kaufman*, 905 F.2d 1040, 1044 (7th Cir. 1990). The movant must address those portions of the record which demonstrate the absence of any genuine issue of material fact, *Celotex Corp. v. Catrett,*, 477 U.S. 317, 323 (1986), and the reviewing court must draw all reasonable inferences in favor of the non-movant. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970); *Bank Leumi Le-Israel, B.M. v. Lee*, 928 F.2d 232, 236 (7th Cir. 1991). When a party moves for

summary judgment, however, the non-movant may not merely rest upon allegations or denials of the pleadings. Fed. R. Civ. P. 56(e). Instead, the non-movant's response must set forth specific facts that show the existence of a genuine issue for trial. *Gleason v. Mesirow Fin., Inc.*, 118 F.3d 1134, 1139 (7th Cir. 1997). When it is clear that the plaintiff cannot carry his or her burden of persuasion at trial on the elements of the cause of action, summary judgment is appropriate for the defendant. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986).

## ARGUMENT

### I. Summary Judgement Should be Granted in Favor of Defendant Anderson Because Defendant Anderson Had No Personal Involvement in the Occurrences Which Form the Basis of Plaintiff Ronald Keyes' Claims.

As revealed by the allegations of Plaintiffs' Second Amended Complaint, the deposition testimony of Plaintiff Ronald Keyes, and the Affidavit of William Anderson, Defendant Anderson had no personal involvement in the arrest, the decision to arrest, the incarceration, custody or care of Plaintiff Ronald Keyes. Accordingly, Defendant Anderson is entitled to Summary Judgment as to all counts alleged against him.

As established by the Affidavit of William Anderson, William Anderson was not on the premises of the Allstate Arena on the evening of July 10, 2001 when Ronald Keyes alleges that he was subjected to the use of excessive force, falsely arrested, and the victim of an assault and battery. (Anderson 56.1 Statement, Ex. A). The Anderson Affidavit establishes that Defendant Anderson did not see or speak to Ronald Keyes at any time on July 10, 2001 or on July 11, 2001. (*Id.*). The Anderson Affidavit also establishes that William Anderson did not file any charges against Ronald Keyes, did not place Keyes under arrest, and was not involved in the prosecution of Ronald Keyes.

43450.1                              - 3 -

Moreover, the deposition testimony of Ronald Keyes confirms Defendant Anderson's lack of involvement in any of the alleged activities involving his arrest and custody which form the basis for Plaintiffs' claims in Counts I, III, IV and VI of Plaintiffs' Second Amended Complaint. Specifically, Ronald Keyes fails to mention a single instance in which Defendant Anderson had any involvement in the decision to arrest Plaintiff or any personal contact with Plaintiff at any instance. (*See* Anderson 56.1 Statement, Ex. B, pp. 19, 67, 72, 75 - 113, 126, 149 - 164, 211-216).

Because William Anderson was not on the premises of the Allstate Arena on July 10, 2001 and did not see or speak to Ronald Keyes at any time on July 10, 2001 or on July 11, 2001, was not involved in his arrest or custody, William Anderson could not have used excessive force against Ronald Keyes as alleged in Count I of the Complaint, could not have placed Ronald Keyes in custody or otherwise arrested him on July 10, 2001 or July 11, 2001 and could not have committed an assault and battery against Ronald Keyes on July 10 or July 11, 2001. William Anderson is therefore entitled to have summary judgment entered in his favor and against Ronald Keyes with regard to Counts I, III and IV of the Second Amended Complaint. In addition, because William Anderson did not file any criminal charges against Ronald Keyes and did not speak to any employees of the Cook County States Attorneys office in connection with the prosecution of Ronald Keyes, he cannot be held liable to Ronald Keyes for malicious prosecution. He is therefore entitled to have summary judgment entered in his favor and against Ronald Keyes with regard to Count VI of the Second Amended Complaint.

**II.** **Defendant Anderson is Entitled to Summary Judgement Because Plaintiff Cannot Establish A Prima Facie Case Against Defendant Anderson Regarding Counts I, III, IV and IV of Plaintiffs' Second Amended Complaint.**

Moreover, William Anderson would be entitled to summary judgment as to Counts I, III, IV and VI of the Complaint because Ronald Keyes cannot establish the existence of an element essential to each of Ronald Keyes' claims as to which he will have the burden of proof at trial. See *Celotex Corp. v. Catrett* 477 U.S. 317, 322 106 S.Ct. 2548, 2552 (1986).

*Count I - Excessive Force*

In order to be able to be entitled to recover from William Anderson on a claim of excessive force in violation of 42 U.S.C. §1983, Ronald Keyes has the burden of proving that William Anderson caused or participated in the alleged use of excessive force. See *Alejo v. Heller*, 328 F.3d 930, 936 (7th Cir. 2003). A person can bring a Section 1983 claim only against those individuals personally responsible for a constitutional deprivation. *Doyle v. Camelot Day Care Centers*, 303 F.3d 603, 614 (7th Cir. 2002). Because Ronald Keyes, did not testify in his deposition to any conduct on behalf of Defendant Anderson, and the Affidavit of Defendant Anderson stands unrefuted, Plaintiff cannot prove that William Anderson was present at the Allstate Arena on July 10, 2001 or that Defendant Anderson saw or spoke to Plaintiff on July 11, 2001 or was even aware that Plaintiff had been involved in an altercation with other Rosemont Public Safety Officers and had been arrested. Ronald Keyes cannot establish that William Anderson was personally responsible for any constitutional deprivation which Ronald Keyes suffered on July 10, 2001 or July 11, 2001. See *Frane v. Kijowski* 992 F.Supp. 985 (N.D. Ill. 1998)(dispatcher could not be held liable for a civil rights deprivation where the dispatcher was not present at the scene of a shooting and had no advance knowledge or consent).

*False Arrest - Count II*

In order to prevail on a claim against William Anderson based on false arrest, Ronald Keyes has to prove that William Anderson arrested him. An essential element in a false arrest is that the plaintiff has to have been arrested by the defendant. *Meerbrey v. Marshall Field and Company, Inc.* 139 Ill.2d 455, 474, 564 N.E.2d 1222 (1990). A person is arrested or seized "[w]henever an officer restrains the freedom of a person to walk away ...." *Tennessee v. Garner,* 471 U.S. 1, 7 (1985). Ronald Keyes cannot prove that William Anderson restrained his freedom to walk away on July 10 or July 11, 2001. The deposition testimony of Plaintiff Ronald Keyes proves as much. *(See* Anderson Rule 56.1 Statement, Ex. B, pp. 19, 67, 72, 75-113, 126, 149, 164, 211- 216). Because Ronald Keyes was not arrested by William Anderson, William Anderson cannot be held liable to Ronald Keyes for violating his Fourth Amendment rights by arresting him without probable cause.

*Malicious Prosecution - Count VI*

In order to prove his claim of malicious prosecution against William Anderson, Ronald Keyes has to establish that William Anderson commenced or continued a criminal or civil judicial proceeding against Ronald Keyes. *Meerbrey v. Marshall Field and Company, Inc.* 139 Ill.2d 455, 473, 564 N.E.2d 1222 (1990). Because Ronald Keyes cannot prove that William Anderson filed a criminal or civil complaint against him which initiated a criminal prosecution or a civil lawsuit or that William Anderson ever even participated in a criminal prosecution or civil lawsuit brought against Ronald Keyes so as to cause such an action to continue, William Anderson cannot be held liable to Ronald Keyes for malicious prosecution. *(See* Anderson Rule 56.1 Statement, Ex. B, pp. 19, 67, 72, 75-113, 126, 149, 164, 211- 216).

*Assault and Battery - Count IV*

In order for William Anderson to be held liable for committing a battery against Ronald Keyes, under Illinois law Keyes has to prove that William Anderson touched Ronald Keyes. *See, Green v. Chicago Tribune Company*, 286 Ill.App.3d 1, 14, 675 N.E.2d 249 (1st Dist. 1996)(dismissal of a battery complaint justified where the plaintiff did not allege that there had been any harmful or offensive contact); *see also, Parrish v. Donahue*, 110 Ill.App.3d 1081, 1083, 443 N.E.2d 786 (3rd Dist. 1982). Because Ronald Keyes, did not put forth any allegation or any evidence in his deposition or answers to interrogatories and Defendant Anderson's affidavit stands uncontested, Plaintiff cannot prove that William Anderson touched or otherwise had contact with him on July 10 or July 11, 2001, Plaintiff cannot establish that William Anderson committed a battery against him. (*See* Anderson Rule 56.1 Statement, Ex. B, pp. 19, 67, 72, 75-113, 126, 149, 164, 211- 216).

An assault under Illinois Law is "an intentional, unlawful offer of corporal injury by force, or force unlawfully directed, under such circumstances as to create a well-founded fear of imminent peril, coupled with the apparent present ability to effectuate the attempt if not prevented."
*Parrish v. Donahue*, 110 Ill.App.3d 1081, at 1083, 443 N.E.2d 786 (3rd Dist. 1982), *see also, Contreas v. Suncast Corp.* 129 F.Supp.2d 1173, 1182 (N.D. Ill, 2001). Because there is no evidence that William Anderson made any threatening movement or gesture towards Ronald Keyes or threatened to touch Ronald Keyes, or was anywhere in the vicinity of Plaintiff when he was allegedly assaulted on July 10, or July 11, 2001 there is no basis for Ronald Keyes being able to reasonably have believed that he was placed in imminent risk of physical harm by William Anderson. (*See* Anderson Rule 56.1 Statement, Ex. B, pp. 19, 67, 72, 75-113, 126, 149, 164, 211- 216). Ronald

Keyes therefore, cannot prove that William Anderson caused him to have a reasonable apprehension of an imminent battery on July 10 or July 11, 2001 and thereby assaulted him.

### III. Qualified Immunity Shields Defendant Anderson From Liability and Therefore Summary Judgement Should Be Granted in His Favor as to Counts I and III of Plaintiffs' Second Amended Complaint

Qualified Immunity protects Defendant Anderson from liability for Plaintiffs' claims sounding in constitution law. Qualified immunity protects government officials from civil liability "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Spiegel*, 920 F. Supp at 895; *citing Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S. Ct. 2727, 2738 (1982).

When a § 1983 defendant asserts qualified immunity, a two-step inquiry ensues: (1) whether plaintiff has adequately alleged the violation of a constitutional right; and if so, (2) whether the violated constitutional right was "clearly established" at the time of the alleged misconduct. *Siegert v. Gilley*, 500 U.S. 226, 232, 111 S. Ct. 1793 (1991); *Montville v. Lewis*, 87 F.3d 900, 902 (7th Cir. 1996). The defendant is entitled to qualified immunity if the answer to either inquiry is in the negative. *Chan v. Wodnicki*, 123 F.3d 1005, 1008 (7th Cir. 1997).

The Plaintiff in the instant litigation cannot satisfy either step in the qualified immunity analysis and accordingly, the constitutional claims against Defendant Anderson should be dismissed with prejudice. With respect to the first step in the qualified immunity analysis, Plaintiff has not adequately alleged the violation of any constitutional right attributable to Defendant Anderson.

Moreover, though qualified immunity is a defense, once raised. the burden falls upon the plaintiff to establish that the right claimed to have been violated was clearly established. *Erwin v. Daley*, 92 F.3d 521, 525 (7th Cir. 1996). Plaintiff cannot meet this requirement. Plaintiff Ronald

43450.1                                                      - 8 -

Keyes would be hard pressed to find, and Defendant Anderson cannot find, a case on point which would illustrate that a superior office could be held liable for excessive force and false arrest, when that Defendant did not direct the alleged conduct, did not participate in the alleged conduct and was not even aware of the alleged conduct. Against this backdrop, it is clear the Plaintiff's constitutional claims for excessive force and false arrest should be dismissed with prejudice, as Defendant Anderson is shielded by qualified immunity.

## CONCLUSION

Because the allegations in Counts I, III, IV and VI are the only allegations which are made against William Anderson in the Complaint, and as set forth above Defendant William Anderson is entitled to summary judgment as to all four of these Counts of the Second Amended Complaint, William Anderson should be dismissed as a defendant in this case.

WHEREFORE, for the reasons set forth above, Defendant William Anderson , respectfully requests that this court enter judgment in his favor and against Plaintiff Ronald Keyes as to Counts I, III, IV and VI of the Second Amended Complaint.

Respectfully Submitted,

By: _____

Richard J. Ramello, One of the Attorneys for
Defendant William Anderson

RICHARD J. RAMELLO
MICHAEL K. DURKIN
ANGELO DEL MARTO
STORINO, RAMELLO & DURKIN
9501 West Devon Avenue, Suite 800
Rosemont, Illinois 60018
(847)318-9500

43450.1                                    - 9 -