IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED
NOV 2 4 2004
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| GREGORY T. ERNST, RONALD and LEDA KEYES,<br>    Plaintiffs,<br><br>v.<br><br>OFFICER WILLIAM ANDERSON,<br>OFFICER PETER CANZONERI,<br>OFFICER C. LOMBARDI, OFFICER RICHMOND,<br>OFFICER F. SICILIANO, OFFICER SIMI,<br>and VILLAGE OF ROSEMONT,<br>    Defendants. | No. 02 C 4884<br><br>Judge Darrah |

### NOTICE OF FILING

TO: Standish E. Willis
Law Offices of Standish E. Willis
407 South Dearborn Street
Suite 1395
Chicago, Illinois 60605

Mr. Peter M. Rosenthal
Rosenthal, Murphey & Coblentz
30 North LaSalle Street
Suite 1624
Chicago, Illinois 60602

PLEASE TAKE NOTICE that on November 24, 2004, I filed **Defendants Charles Lombardi's Motion for Summary Judgement as to Counts II and V of Plaintiffs' Second Amended Complaint, Memorandum of Law in Support of Defendant Charles Lombardi's Motion for Summary Judgment as to Counts II and V of Plaintiffs' Second Amended Complaint, Defendant Charles Lombardi's Local Rule 56.1 Statement of Uncontested Facts**, with the Clerk of the United States District Court for the Northern District, Eastern Division, a copy of which is attached hereto and herewith served upon you.

STORINO, RAMELLO & DURKIN

By: /s/ Melissa A. Mirabelli

STORINO, RAMELLO & DURKIN
9501 West Devon Avenue
Suite 800
Rosemont, Illinois 60018
(847) 318-9500

## CERTIFICATE AND AFFIDAVIT OF DELIVERY

I, Melissa A. Miroballi, an attorney, certify that under penalties as provided by law pursuant to 735 ILCS 5/1-109 the above-referenced documents, along with this Notice were served by:

[X]    mailing a copy of the addressee at the address indicated and depositing same in the U.S. Mail at Rosemont, Illinois by 4:30 p.m. on November 24, 2004.

[ ]    hand delivering said documents personally to each person to whom it is directed on _____.

[ ]    facsimile transmission to facsimile number indicated on attached notice by 4:30 p.m., on _____.

_____
MELISSA A. MIROBALLI

RICHARD J. RAMELLO
MICHAEL K. DURKIN
ANGELO DEL MARTO
STORINO, RAMELLO & DURKIN
9501 West Devon Avenue, 8th Floor
Rosemont, IL 60018
(847) 318-9500

42271.1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED
NOV 2 4 2004
NOV 2 9 2004
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | | |
|---|---|---|
| GREGORY T. ERNST, RONALD and LEDA KEYES, Plaintiffs, | ) ) ) ) | |
| v. | ) | No. 02 C 4884 |
| OFFICER WILLIAM ANDERSON, OFFICER PETER CANZONERI OFFICER C. LOMBARDI, OFFICER RICHMOND, OFFICER F. SICILIANO, OFFICER SIMI, and VILLAGE OF ROSEMONT, Defendants. | ) ) ) ) ) ) ) ) | Judge Darrah |

**DEFENDANT CHARLES LOMBARDI'S MOTION FOR SUMMARY JUDGMENT AS TO COUNTS II AND V OF PLAINTIFFS' SECOND AMENDED COMPLAINT**

Defendant Charles Lombardi, by his attorneys Richard J. Ramello, Michael K. Durkin and Angelo Del Marto of the law firm of Storino, Ramello & Durkin, moves pursuant to Federal Rule of Civil Procedure No. 56, that summary judgment be entered in his favor and against Plaintiff Leda Keyes as to Counts II and V of Plaintiffs' Second Amended Complaint.

In support of this Motion, Defendant Charles Lombardi states as follows:

1. Plaintiffs have filed an eleven-count Second Amended Complaint against the Village of Rosemont and certain individually named and unknown police officers stemming from incidents surrounding the arrest and detention of Plaintiff Ronald Keyes. Specifically Count I of Plaintiffs' Second Amended Complaint is advanced by Ronald Keyes against all individual Defendants and purports to allege a claim for excessive force pursuant to 42 U.S.C. §1983. Count II is a claim advanced by Plaintiff Leda Keyes for excessive force pursuant 42 U.S.C. §1983 against Defendant Officer Lombardi. Count III is a claim for false arrest under 42 U.S.C. §1983 advanced by Plaintiff

43476.1

/08

Ronald Keyes against all individual Defendants. Count IV asserts a state law claim for assault and battery advanced by Plaintiff Ronald Keyes against all individual Defendants. Count V is advanced by Leda Keyes and asserts a state law claim for assault and battery against Defendant Officer Lombardi. Count VI alleges a state-law malicious prosecution claim advanced by Plaintiff Ronald Keyes against all individually named Defendants. Counts VII and VIII are advanced by Plaintiff Gregory Ernst against Defendant Officers Canzoneri and Anderson and allege state claims of conspiracy to commit defamation and conspiracy to commit tortious interference with employment, respectively. Counts IX and X are advanced by Plaintiff Leda Keyes against Defendant Officers Canzoneri and Siciliano and allege claims for loss of consortium under Illinois law and deprivation of liberty in spousal companionship and society under 42 U.S.C. §1983, respectively. Count XI asserts liability against the Village of Rosemont for the actions of the individual Defendants under the doctrine of *respondeat superior.*

2. Summary judgement should be granted in favor of Defendant Lombardi because the deposition testimony of Plaintiff Leda Keyes, corroborated by the testimony of Defendant Lombardi, reveals that Charles Lombardi did not touch Leda Keyes or threaten the use of force against Leda Keyes and because Leda Keyes identifies two of the other defendants in this action as being the persons who did use physical force against her while she was on the premises of the Allstate Arena on July 10, 2001. As such, Charles Lombardi cannot be held liable under 42 U.S.C. Section 1983 for the use of excessive force against and false arrest of Plaintiff Leda Keyes as alleged in the Second Amended Complaint and Counts II and V should be dismissed with prejudice.

3. Defendant Lombardi is entitled to summary judgement because Plaintiff cannot establish a *prima facie* case against Defendant Lombardi regarding Counts II and V of Plaintiffs'

Second Amended Complaint.

4. Defendant Lombardi attaches and incorporates hereto a Memorandum of Law in support of this Motion for Summary Judgment.

WHEREFORE, for the reasons set forth above, Defendant Charles Lombardi respectfully requests that this court enter judgment in his favor and against Plaintiff Leda Keyes as to Counts II and V of the Second Amended Complaint.

Respectfully Submitted,

By: _____
Richard J. Ramello, One of the Attorneys for
Defendant Charles Lombardi

RICHARD J. RAMELLO
MICHAEL K. DURKIN
ANGELO DEL MARTO
STORINO, RAMELLO & DURKIN
9501 West Devon Avenue, Suite 800
Rosemont, Illinois 60018
(847)318-9500

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GREGORY T. ERNST, RONALD and LEDA KEYES, )<br>Plaintiffs, )<br>)<br>v. )<br>)<br>OFFICER WILLIAM ANDERSON, )<br>OFFICER PETER CANZONERI )<br>OFFICER C. LOMBARDI, OFFICER RICHMOND, )<br>OFFICER F. SICILIANO, OFFICER SIMI, )<br>and VILLAGE OF ROSEMONT, )<br>Defendants. ) | No. 02 C 4884<br><br>Judge Darrah |

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT CHARLES LOMBARDI'S MOTION FOR SUMMARY JUDGMENT
AS TO COUNTS II AND V OF PLAINTIFFS' SECOND AMENDED COMPLAINT**

**LEGAL STANDARD**

A motion for summary judgment may be granted when there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Renovitch v. Kaufman*, 905 F.2d 1040, 1044 (7th Cir. 1990). The movant must address those portions of the record which demonstrate the absence of any genuine issue of material fact, *Celotex Corp. v. Catrett,*, 477 U.S. 317, 323 (1986), and the reviewing court must draw all reasonable inferences in favor of the non-movant. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970); *Bank Leumi Le-Israel, B.M. v. Lee*, 928 F.2d 232, 236 (7th Cir. 1991). When a party moves for summary judgment, however, the non-movant may not merely rest upon allegations or denials of the pleadings. Fed. R. Civ. P. 56(e). Instead, the non-movant's response must set forth specific facts that show the existence of a genuine issue for trial. *Gleason v. Mesirow Fin., Inc.*, 118 F.3d 1134,

43477.1

- 1 -

1139 (7th Cir. 1997). When it is clear that the plaintiff cannot carry his or her burden of persuasion at trial on the elements of the cause of action, summary judgment is appropriate for the defendant. See *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986).

## ARGUMENT

I. **Summary Judgement Should Be Granted in Favor of Defendant Lombardi Because the Deposition Testimony of Plaintiff Leda Keyes, Corroborated by the Testimony of Defendant Lombardi, Reveals That Charles Lombardi Cannot Be Held Liable for Excessive Force and False Arrest under 42 U.S.C. Section 1983. Accordingly Counts II and V Should Be Dismissed with Prejudice.**

Count II of the Complaint alleges a claim for excessive force in violation of 42 U.S.C. §1983 on behalf of Leda Keyes against Charles Lombardi. The alleged use of excessive force that is the basis for Count II is that Charles Lombardi twice knocked Leda Keyes to the ground while she was on the premises of the Allstate Arena on July 10, 2001. See paragraph 20 of the Complaint which states:

> On at least two separate occasions, Mrs. Keyes, told the defendant officers that Mr. Keyes was not the person they were searching for. On each occasion, however, defendant Officer Lombardi responded by knocking her on the ground.

Count V of the Complaint alleges a claim for assault and battery under Illinois state law on behalf of Leda Keyes for the same conduct which allegedly constituted the use of excessive force; i.e., Charles Lombardi knocking Leda Keyes to the ground as alleged in Paragraph 20 of the Complaint.

The deposition testimony of Leda Keyes unequivocally illustrates the Defendant Charles Lombardi was not the officer who partook in the conduct against her as alleged in Plaintiffs' Second Amended Complaint. During her deposition in this case when asked who knocked her to the ground

or struck her, Leda Keyes identified two persons, Peter Canzoneri and Michael Simi. When asked who "backhanded her", Leda Keyes testified as follows:

> Q. And then what happened?
>
> A. I tried to tell the officers that – they kept saying he was resisting arrest. I said, "He's not. He can't move." and they wouldn't listen to me. And one of them backhanded me.
>
> Q. Who?
>
> A. Simi – no. Canzoneri did at that time.
>
> Q. And you know it to have been Canzoneri.
>
> A. Uh-huh. I kept yelling at him and cussing him.
>
> Q. So this is the same person– the same person who backhanded you is the same person you saw later at the hospital, is that correct?
>
> A. Yes.

(Lombardi 56.1 Statement, Ex. B, pp. 74-75)

When asked who struck her the second time, Leda Keyes testified as follows:

> Q. Okay, You indicated that you were struck a second time is that correct?
>
> A. Yes.
>
> Q. Who hit you the second time, if you know?
>
> A. Simi.
>
> Q. It was a different officer than the one who hit you the first time?
>
> A. Yes.

(Lombardi 56.1 Statement, Ex. B, pp. 80)

At no time during her deposition did Leda Keyes identify Charles Lombardi as being a person who "knocked her to the ground" or otherwise touched her in a harmful or offensive manner, or who threatened to use physical force against her in an unlawful manner. In fact during her deposition, she does not even mention Charles Lombardi.

During his deposition Charles Lombardi was asked whether he ever touched or backhanded Leda Keyes. He answered that he did not.

> Q. When you were involved in the altercation with Mr. Keyes, at any point did you ever physically touch Leda Keyes?
>
> A. No.
>
> Q. Did you ever backhand Leda Keyes?
>
> A. No.
>
> Q. Did you observe any other officer physically touch Leda Keyes?
>
> A. No, I did not.

(Lombardi 56.1 Statement, Ex. C, p. 30)

Because the deposition testimony of Plaintiff Leda Keyes, corroborated by the testimony of Defendant Lombardi, reveals that Charles Lombardi did not touch Leda Keyes or threaten the use of force against Leda Keyes and because Leda Keyes identifies two of the other defendants in this action as being the persons who did use physical force against her while she was on the premises of the Allstate Arena on July 10, 2001, Charles Lombardi cannot be held liable under 42 U.S.C. §1983 for the use of excessive force against Leda Keyes as alleged in the Second Amended Complaint.

Because Charles Lombardi did not physically touch Leda Keyes and because there is no evidence to indicate or suggest that he threatened to use force against Leda Keyes, Charles Lombardi

cannot be held liable for excessive force or for the battery and assault as alleged in Counts II and V of Plaintiffs' Second Amended Complaint.

## II. Defendant Lombardi Is Entitled to Summary Judgement Because Plaintiff Cannot Establish a *Prima Facie* Case Against Defendant Lombardi Regarding Counts II and V of Plaintiffs' Second Amended Complaint.

Even absent the deposition testimony cited above, Charles Lombardi would be entitled to summary judgment as to Counts II and V of the Complaint because Leda Keyes cannot establish the existence of an element essential to Leda Keyes' case as to which she will have the burden of proof at trial. See *Celotex Corp. v. Catrett* 477 U.S. 317, 322 106 S.Ct. 2548, 2552 (1986).

In order to be able to be entitled to recover from Charles Lombardi on a claim of excessive force in violation of 42 U.S.C. §1983, Leda Keyes has the burden of proving that Defendant Lombardi caused or participated in the alleged use of excessive force. See *Alejo v. Heller*, 328 F.3d 930, 936 (7th Cir. 2003). A person can bring a Section 1983 claim only against those individuals personally responsible for a constitutional deprivation. *Doyle v. Camelot Day Care Centers*, 303 F.3d 603, 614 (7th Cir. 2002). Because Leda Keyes cannot prove that Charles Lombardi caused or participated in the use of excessive force alleged in the Second Amended Complaint which occurred while she was on the premises of the Allstate Arena on July 10, 2001, Leda Keyes cannot establish that Charles Lombardi has the requisite personal responsibility for any constitutional deprivation which Leda Keyes suffered on July 10, 2001 as a result of the use of excessive force.

In order for Charles Lombardi to be held liable for committing a battery against Leda Keyes, Leda Keyes has to prove that Charles Lombardi touched her. Under Illinois law, a battery occurs when a person intentionally causes harmful or offensive contact with another person. *Cohen v. Smith*, 269 Ill.App.3d 1087, 1090 648 N.E.2d 329, 332 (5th Dist. 1995). See also, *McNeil v. Carter*, 318

Ill.App.3d 939, 944, 742 N.E.2d 1277 (3rd Dist. 2001). Because Leda Keyes cannot prove that Charles Lombardi intentionally touched or otherwise had any physical contact with her on July 10, 2001 in an offensive manner, Leda Keyes cannot establish that Charles Lombardi committed a battery against him.

An assault under Illinois Law is

> an intentional, unlawful offer of corporal injury by force, or force unlawfully directed, under such circumstances as to create a well-founded fear of imminent peril, coupled with the apparent present ability to effectuate the attempt if not prevented.

*Parrish v. Donahue*, 110 Ill.App.3d 1081, at 1083, 443 N.E.2d 786 (3rd Dist. 1982). See also, *Contreas v. Suncast Corp.* 129 F.Supp.2d 1173, 1182 (N.D. Ill. 2001). There is no evidence that Charles Lombardi made any threatening movement or gesture towards Leda Keyes or threatened to use force against Leda Keyes on July 10, 2001 so as to place her in fear of imminent peril of physical harm being committed against her by Charles Lombardi.

Leda Keyes cannot prove all of the elements which must be proven in order to establish the tort of battery or the tort of assault under Illinois Law. Therefore, because Leda Keyes cannot prove that Charles Lombardi committed a battery against her or caused her to have a reasonable apprehension of an imminent battery on July 10, 2001, Charles Lombardi cannot be held liable to Leda Keyes for battery or for assault.

Because the allegations in Counts II and V relate only to Charles Lombardi, and as set forth above Charles Lombardi is entitled to summary judgment as to both Count II and Count V of the Complaint, Count II and Count V should be dismissed. Leda Keyes should also be dismissed as a plaintiff in this case, as Counts II and V are the only counts of the Complaint which allege claims on her behalf.

For the reasons set forth above, Defendant Charles Lombardi, respectfully requests that this court enter judgment in his favor and against Plaintiff Leda Keyes as to Count II and Count V of the Second Amended Complaint.

Respectfully Submitted,

By: _____
Richard J. Ramello, One of the Attorneys for Defendant Charles Lombardi

RICHARD J. RAMELLO
MICHAEL K. DURKIN
ANGELO DEL MARTO
STORINO, RAMELLO & DURKIN
9501 West Devon Avenue, Suite 800
Rosemont, Illinois 60018
(847)318-9500