## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| GREGORY T. ERNST, RONALD and LEDA KEYES, | ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 02 CV 4884 |
| OFFICER WILLIAM ANDERSON, OFFICER PETER CANZONERI OFFICER C. LOMBARDI, OFFICER RICHMOND, OFFICER F. SICILIANO, OFFICER SIMI, and VILLAGE OF ROSEMONT, Defendants. | ) ) ) ) ) ) ) | Judge Darrah |

### WILLIAM ANDERSON'S ANSWER TO COUNT VII AND FRANK SICILIANO'S AND PETER CANZONERI'S ANSWERS TO COUNTS IX AND X OF THE SECOND AMENDED COMPLAINT

Defendants, WILLIAM ANDERSON, PETER CANZONERI, and FRANK SICILIANO, by their attorneys, Richard Ramello, Michael Durkin, and Angelo DelMarto, Storino, Ramello and Durkin and Peter M. Rosenthal, Rosenthal, Murphey and Coblentz , answer Count VII and Counts IX and X of the plaintiffs' Second Amended Complaint as follows:

### COUNT VII

#### (Conspiracy to Commit Defamation Under Illinois Common Law)

#### ANSWER OF WILLIAM ANDERSON[1]

1-54.  Plaintiff Gregory Ernst, alleges and realleges paragraphs 1 through 54 as though fully set forth herein.

---

[1]Count VII is being answered at this time only by William Anderson.  Peter Canzoneri has previously answered Count VII.

**Answer:** **William Anderson reasserts and incorporates his answers to paragraphs 1 through 54 as though they were fully set forth herein.**

55 . The defendant officer Canzoneri wrote a memorandum containing false statements and defendant Anderson published false statements about Gregory Ernst in the memorandum to Mr .Ernst's employer.

**Answer:** **William Anderson denies the allegations in this paragraph.**

56. These false statements alleged that Mr. Ernst, a Cook County Sheriff's Internal Affairs Officers was in the presence of offenders using illegal drugs and disturbing the peace.

**Answer:** **William Anderson denies that false statements were made or published.**

57. These false statements also alleged Mr. Ernst used his official capacity to interfere with a Rosemont Police investigation.

**Answer:** **William Anderson denies that false statements were made or published.**

58. Plaintiff profession reputation was severely damaged. He was nearly terminated from his employment. He loss significant work privileges.

**Answer:** **William Anderson has insufficient knowledge to admit or deny the allegations in this paragraph.**

## AFFIRMATIVE DEFENSES

As affirmative defenses to the allegations made in Count VII of the Second Amended Complaint, William Anderson states as follows:

**A.** At all relevant times, the following sections of the Illinois Local Governmental and Governmental Employees Tort Immunity Act were in full force and effect:

§ 2-201. Determination of policy or exercise of discretion

Except as otherwise provided by Statute, a public employee serving in a position involving the determination of policy or the exercise of discretion is not liable for an injury resulting from his act or omission in determining policy when acting in the exercise of such discretion even though abused. 745 ILCS 10/2-201.

§ 2-210. Negligent misrepresentation; provision of information

A public employee acting in the scope of his employment is not liable for an injury caused by his negligent misrepresentation or the provision of information either orally, in writing, by computer or any other electronic transmission, or in a book or other form of library material. 745 ILCS 10/2-210.

At all relevant times, pursuant to the aforementioned statutes, William Anderson was immune from liability for conspiracy to commit defamation in that:

1. Any officers involved in the dissemination of information about Gregory Ernst were public employees exercising their discretion in determining that the police department had a duty to report any potential misconduct of a fellow law-enforcement officer to his superiors.

2. If any officers made any negligent misrepresentation in the dissemination of information about Mr. Ernst, they were public employees acting within the scope of their employment at the time of the dissemination.

**B.** William Anderson is immune from liability, on either an absolute or qualified basis, for defamation or conspiracy to commit defamation with regard to the statements made in the memorandum which form the basis for the allegations in Count VII of the Second Amended Complaint. In this regard, William Anderson states that:

1. William Anderson, in his capacity as an officer of the Village of Rosemont Public Safety Department had a public responsibility to report any possible misconduct on the part of Mr. Ernst to Mr. Ernst's employer at the Cook County Sheriffs' Department;

2. The memorandum written by Peter Canzoneri which contains the allegedly defamatory statements relating to Gregory Ernst was provided to the Cook County Sheriff's Department by William Anderson in response to a request from Mr. Ernst's superior at the Cook County Sheriff's Department.

3. Sound public policy and\or the public interest, including but not limited to the need to enforce law and report misconduct by public officials, is served when persons, such as William Anderson, who in the performance of their duties encounter, observe or hear reports of conduct that may be of interest to an employer of a public employee convey those reports to their superior or to the public employee's employer.

4. The statements made in the memorandum were limited in scope for the purpose of reporting improper conduct;

5. All actions taken by William Anderson were made by him in a proper occasion and in a proper manner to proper parties in that the memorandum was transmitted by or at the direction of William Anderson to Gregory Ernst's superior at the Cook County Sheriff's Department..

C. Gregory Ernst has failed to state a cause of action for defamation because he has not alleged that any injury to him which was proximately caused by any publication of defamatory material by defendants.

**D.** Any statements made in the memorandum were the author's opinion, and therefore, do not form the basis for an action for defamation or conspiracy to commit defamation.

**E.** Any statements made in the memorandum maybe innocently interpreted. Therefore, they do not form the basis for an action for defamation or for conspiracy to defame.

**F.** Count VII fails to state a cause of action for conspiracy to commit defamation because the Second Amended Complaint because it fails to allege that William Anderson and Peter Canzoneri were engaged in a conspiracy when Anderson published the memorandum which Canzoneri wrote to the Cook County Sheriff's Department.

**G.** Count VII fails to state a cause of action for conspiracy to commit defamation because Peter Canzoneri and William Anderson are both public safety officers employed by the same corporate entity, the Village of Rosemont.

**H.** The claims alleged against William Anderson in Count VII are barred by the applicable statute of limitations because Gregory Ernst did not allege any claims against William Anderson in this action until the Second Amended Complaint was filed. The Second Amended Complaint was not filed in this case until after the statute of limitation applicable to the claim alleged against William Anderson on behalf of Gregory Ernst in Count VII had expired.

William Anderson requests that this Court dismiss Count VII of the Second Amended Complaint with prejudice with costs assessed to Gregory Ernst.

## COUNT IX

### (Loss of Consortium under Illinois Law)

1-54.   Plaintiff Ronald Keyes, and Gregory Ernst allege and reallege paragraphs 1 through 54 as though fully set forth herein.

**Answer:**   **Frank Siciliano and Peter Canzoneri reassert and incorporate their answers to paragraphs 1 through 54 as though they were fully set forth herein.**

55.   Defendant Officers Siciliano and Canzoneri were aware that Plaintiff Ronald Keyes was married to Plaintiff Leda Keyes at the time Defendant Officers molested him.

**Answer:**   **Peter Canzoneri and Frank Siciliano denies the allegations in this paragraph.**

56.   As a result of the molestation on Plaintiff Ronald Keyes by Defendant Officers Siciliano and Canzoneri, Plaintiff Ronald Keyes was further injured by contracting the herpes virus.

**Answer:**   **Peter Canzoneri and Frank Siciliano denies the allegations in this paragraph.**

57.   Plaintiff Leda Keyes has suffered a loss of consortium caused by the lost value of her husband's society and companionship as a result of his contracting the herpes virus.

**Answer:**   **Peter Canzoneri and Frank Siciliano denies the allegations in this paragraph.**

58.   The unlawful molestation of Plaintiff Ronald Keyes by Defendant Officers Siciliano and Canzoneri was done maliciously, willfully, and wantonly and is a direct and proximate cause of Plaintiff Leda Keyes' loss of consortium.

**Answer:**    **Peter Canzoneri and Frank Siciliano denies the allegations in this paragraph.**

## AFFIRMATIVE DEFENSES

As affirmative defenses to the allegations made in Count IX of the Second Amended Complaint, Peter Canzoneri and Frank Siciliano state as follows:

A.    The allegations in Count IX of the complaint fail to state a claim for loss of consortium pursuant to Illinois Law because the complaint fails to adequately alleged that Leda Keyes suffered a loss of the intangible personal benefits which she received from her marital relationship with Ronald Keyes.

B.    The claims alleged against Peter Canzoneri and Frank Siciliano in Count X are barred by the applicable statute of limitations because Leda Keyes did not allege any claims against either Peter Canzoneri or against Frank Siciliano in this action until the Second Amended Complaint in this case was filed. The Second Amended Complaint was not filed in this case until after the statute of limitation applicable to the claims alleged against Frank Siciliano and Peter Canzoneri on behalf of Leda Keyes in Count X had expired.

Frank Siciliano and Peter Canzoneri request that this Court dismiss Count IX of the Second Amended Complaint with prejudice with costs assessed to Leda Keyes.

## COUNT X

**(42 U.S.C. Section 1983 - Deprivation fo Liberty Interest in Spousal Companionship and Society)**

1-54.    Plaintiff Ronald Keyes, and Gregory Ernst allege and reallege paragraphs 1 through 54 as though fully set forth herein.

-7-

**Answer:** **Frank Siciliano and Peter Canzoneri reassert and incorporate their answers to paragraphs 1 through 54 as though they were fully set forth herein.**

55.     Plaintiff Ronald Keyes was infected with the herpes virus as a direct result of the unlawful molestation inflicted upon him by Defendant Officers Siciliano and Canzoneri.

**Answer:** **Peter Canzoneri and Frank Siciliano denies the allegations in this paragraph.**

56.     As a result of the unlawful molestation of Plaintiff Ronald Keyes, Plaintiff Leda Keyes has been deprived of her liberty interest in the continued society and companionship of her husband.

**Answer:** **Peter Canzoneri and Frank Siciliano denies the allegations in this paragraph.**

57.     The unlawful molestation of Plaintiff Ronald Keyes by Defendant Officers Siciliano and Canzoneri was done maliciously, willfully, and wantonly and is a direct and proximate cause of the deprivation of Plaintiff Leda Keyes' constitutional liberty interests in her husband's companionship and society.

**Answer:** **Peter Canzoneri and Frank Siciliano denies the allegations in this paragraph.**

## AFFIRMATIVE DEFENSES

As affirmative defenses to the allegations made in Count IX of the Second Amended Complaint, Peter Canzoneri and Frank Siciliano state as follows:

A.     The allegations in Count IX of the complaint fail to state a claim for deprivation of liberty pursuant to Section 42 U.S.C. Section 1983, because a wife does not have standing to

maintain an action for deprivation of liberty interest in the companionship of her spouse and because there is no recognized liberty interest of a po.

      B.     The claims alleged against Peter Canzoneri and Frank Siciliano in Count X are barred by the applicable statute of limitations because Leda Keyes did not allege any claims against either Peter Canzoneri or against Frank Siciliano in this action until the Second Amended Complaint in this case was filed. The Second Amended Complaint was not filed in this case until after the statute of limitation applicable to the claims alleged against Frank Siciliano and Peter Canzoneri on behalf of Leda Keyes in Count X had expired.

DEFENDANTS, WILLIAM ANDERSON,
PETER CANZONERI AND FRANK
SICILIANO

By: _____
One of Their Attorneys

Peter M. Rosenthal
Rosenthal, Murphey & Coblentz
30 North LaSalle Street, Suite 1624
Chicago, Illinois 60602
Phone    (312)541-1070
Facsimile (312) 541-9191

Richard Ramello
Michael Durkin
Angelo DelMarto
Storino, Ramello and Durkin
9501 Devon Avenue
Rosemont, IL 60018
Phone    (847) 318-9500
Facsimile (847) 318-9509

## PROOF OF SERVICE

Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies as true that he served the foregoing **WILLIAM ANDERSON'S ANSWER TO COUNT VII AND FRANK SICILIANO'S AND PETER CANZONERI'S ANSWERS TO COUNTS IX AND X OF THE SECOND AMENDED COMPLAINT** upon:

> Standish E. Willis
> 407 S. Dearborn St.
> Suite 1395
> Chicago, Illinois 60605

by personal delivery before 5:00 P.M. on April 4, 2005.

PETER M. ROSENTHAL
ROSENTHAL, MURPHEY & COBLENTZ
30 North LaSalle Street, Suite 1624
Chicago, Illinois  60602
Phone       (312) 541-1070
Facsimile   (312) 541-9191

RICHARD RAMELLO
MICHAEL DURKIN
ANGELO DELMARTO
STORINO, RAMELLO AND DURKIN
9501 Devon Avenue
Rosemont, Illinois 60018
Phone       (847) 318-9500
Facsimile   (847) 318-9509

G:\rmcj\Ernst\Proof27.wpd