UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GREGORY T. ERNST, RONALD KEYES, and LEDA KEYES, <br><br>Plaintiffs, <br><br>v. <br><br>OFFICER WILLIAM ANDERSON, et al., <br><br>Defendants. | No: 02 C 4884 <br><br>Judge John W. Darrah |

## MEMORANDUM OPINION AND ORDER

Plaintiffs, Gregory T. Ernst, Ronald Keyes, and Leda Keyes, filed suit against Defendants, Officer William Anderson, Officer Peter Canzoneri, Officer C. Lombardi, Officer F. Siciliano, Officer Richmond, Officer Simi, and the Village of Rosemont. Plaintiffs alleged, among other things, that certain Defendants violated their civil rights by using excessive force and making a false arrest and that certain Defendants committed defamation. At the trial, which concluded on June 14, 2005, the jury returned a verdict on Count I, for all of the Defendants and against the Plaintiff, Ronald Keyes; on Count III, for all of the Defendants and against the Plaintiff, Ronald Keyes; on Count IV, for all of the Defendants and against the Plaintiff, Ronald Keyes; on Count VI, for all of the Defendants and against the Plaintiff, Ronald Keyes; and on Count VII, for all of the Defendants and against the Plaintiff, Gregory Ernst. A judgment was entered on the verdict. Now before the Court is the Defendants' Motion for Costs and Bill of Costs.

## LEGAL STANDARD

"Costs . . . shall be allowed as of course to the prevailing party unless the court otherwise directs." Fed. R. Civ. P. 54(d). Recoverable costs, as set forth in 28 U.S.C. § 1920, include: (1) fees of the clerk, (2) fees for transcripts, (3) fees for printing and witnesses, (4) fees for copies of papers necessarily obtained for use in the case, (5) docket fees, and (6) compensation of court-appointed experts and interpreters.

There is a strong presumption favoring the award of costs to the prevailing party. *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 945 (7th Cir. 1997). "The presumption is difficult to overcome, and the district court's discretion is narrowly confined – the court must award costs unless it states good reasons for denying them." *Weeks*, 126 F.3d at 945.

## ANALYSIS

Defendants seek a variety of costs for: (1) fees paid to the Clerk's office (i.e., filing and docket fees), $58.00; (2) fees for service of summons and subpoena, $741.50; (3) witnesses fees and disbursements, $1,150.16; (4) court reporter fees, $14,760.70; and (5) fees for exemplification and copies of papers necessarily obtained for use in the case, $4,348.42. In total, the Defendants seek $21,058.78 in costs from Plaintiffs.

The Plaintiffs' first objection is that the Defendants seek recovery in the amount of $741.50 for the use of a special process server for the service of subpoenas in this case. The Plaintiffs contend that 28 U.S.C. § 1920 contains no provision for such an expense. However, the use of private process servers is an allowable recovery and "the Seventh Circuit has held that private process servers are taxable as costs under 28 U.S.C. § 1920(1) provided that their rates do not exceed what it would cost to have the U.S. Marshals effectuate service of process. *See*

*Collins v. Gorman*, 96 F.3d 1057, 1060 (7th Cir.1996)." *Vardon Golf Co., Inc. v. Karsten Mfg. Corp.*, 99-C-2785, 2003 WL 1720066, *8 (N.D .Ill. March 31, 2003). Pursuant to 28 C.F.R. § 0.114(a)(3), when a U.S. Marshal serves process personally, the charge is "$45 per hour (or portion thereof) for each item served by one U.S. Marshal Service employee, agent, or contractor, plus travel costs and any other out-of-pocket expenses." The Defendants submitted a list of fees for service of subpoena. This exhibit does not list the hourly rate charged by the private process server, however; the rates charged by the private process server, which ranged from $19.38 to $85.00, appear within the range to have the U.S. Marshal Service effectuate service of process. Therefore, these costs are recoverable and should be reimbursed.

The Plaintiffs also argue that if such fees for service of summons are reimbursed, the three witnesses subpoenaed by the Defendants who were called in the Plaintiffs' case-in-chief should not be reimbursable, reducing the costs by $255.00. However, the Court agrees with the Defendants that prior to the actual testimony given by these witnesses, the Defendants did not know whether their testimony would be needed. Thus, because the witnesses were subpoenaed in good faith, the Court will allow the costs related to Martin and Linda Strebbs, Dr. Scott Robertson, and Boleslaw Filipiak. *Board of Trustees of Community College Dist. No. 508,* 197 F.R.D. 363, 364 (N.D.Ill. 2000). The Court will award fees for summons and subpoenas in the amount of $741.50.

The Plaintiffs next argue that the Defendants' original bill of costs sought an amount in excess of those approved by the Local Rules for certain deposition costs. The Plaintiffs argue the deposition-related fees should be reduced by $5,720.45. The Defendants seek reimbursement for original deposition transcripts. Defendants do not seek reimbursement for deposition attendance

3

fees, Min-U-Scripts, delivery charges, and administrative costs. With respect to the original deposition transcripts, the Plaintiffs contend that the court reporter charged rates in excess of the rate for a regular copy established by the Judicial Conference and that the rate should be reduced to $3.30 per page. Some of the costs in excess of $3.30 per page are for non-expedited copies. For those deposition transcripts, the Court will reduce the per-page rate to $3.30. Others are for expedited copies. The Plaintiffs assert that the reimbursement for "expedited" copies is not permitted. The Defendants assert that only three court reporter invoices include charges for expedited transcripts – those related to William Anderson, Leda Keyes, Thomas Swaine, and Charles Holman. The Defendants give no explanation for requiring the deposition transcripts of Anderson and Keyes on an expedited basis other than that they are named parties to the lawsuit. The Defendants assert that they needed the transcripts of Swaine and Holman on an expedited basis because: "These depositions were taken in April 2005 during the short time period allowed for additional discovery following the Court's granting the Plaintiffs' leave to file an amended complaint containing new allegations with regard to the claims of Gregory Ernst." (Defs' Reply at 3). The Court will allow the expedited costs related to Swaine and Holman but will not allow the expedited costs with respect to Anderson or Keyes. Upon review, the Court found that additional transcripts were ordered on an expedited basis or at a rate above $3.30 per page. For those deposition transcripts, the Court will also reduce the per-page rate to $3.30.

The Plaintiffs also ask the Court to reduce the amount requested for court reporter fees for the daily copy of the trial transcripts. When deciding whether to tax the additional cost of daily transcripts, courts consider several factors: (1) the length of the trial and the complexity of the issues, (2) whether a daily transcript was necessary to minimize disagreement over the testimony

of witnesses, (3) whether proposed findings of fact were required, (4) whether the case involved expert witnesses whose cross-examination required knowledge of the exact wording of their previous testimony or that of any other witness, (5) the size of the claim, (5) and the importance of witness credibility. *Independence Tube Corp. v. Copperweld Corp.*, 543 F. Supp. 706, 719 (N.D. Ill. 1982). Here, the Defendants assert that the daily copy was acquired "to allow the defendants' expert to review testimony of the plaintiffs' witnesses without having to be present in Court and to allow effective cross-examination of plaintiff Ronald Keyes." (Defs.' Reply at 4). However, as the Plaintiffs note, the trial was not long, the issues were not particularly complex, and the claim was not large. Further, neither party alleges that the transcript was needed to minimize disagreement over the testimony of the witnesses or that witness credibility was uniquely important in this case. No proposed finding of fact was required. The reasons offered by the Defendants speak more to convenience than to necessity. As a result, the Court will not award costs for the daily copy of the trial transcript. The Court will order court reporter fees (including deposition costs) in the amount of $9,464.30.

Lastly, the Plaintiffs contend that Defendants' recovery for exemplification and copying should be reduced. They assert that this figure should be reduced by $395.00 because the DVD/MPEG-2 and CD-ROM/MPEG-1 produced by LitiGroup on December 23, 2004 were unnecessary for the trial in this matter. The Defendants counter that the DVD/MPEG-2 and CD-ROM/MPEG-1 were required because the trial was originally set for September 27, 2004 and April Lipert, one of the Plaintiffs' witness, was pregnant and was due to give birth at the end of September or early October. As a result, the Plaintiffs sought leave of the Court to take the video-taped deposition to preserve her testimony. When the Court went to trial at the end of May

5

2005, Lipert had given birth and was able to appear in person to testify. The Court agrees that this cost is compensable. The Plaintiffs also assert that the color copies in the amount of $27.50 produced by Copy Corps, on March 16, 2004, was done at an excessive rate per page and were not necessary for trial. As the Defendants did not address the necessity of these costs, the Court will not award the $27.50 that is the subject of the March 16, 2004 bill.

All other costs are reasonable and are awarded in their entirety.

## CONCLUSION

For the foregoing reasons, the Court awards the following fees to the Defendants: filing and docket fees of $58.00; fees for service of summons and subpoenas of $741.50; witness fees and disbursements of $1,150.16; court reporter fees (including deposition costs) of $9,464.30; and fees for exemplification and copies of papers necessarily obtained for use in the case of $4,320.92. The total fee award is $15,734.88.

Dated: 1/18/06

JOHN W. DARRAH

United States District Judge